LNORRIS, Chief Judge.
Delores Oliver (a/k/a Delores Gibson) was charged by bill of information with one count of purse snatching, La. R.S. 14:65.1. This offense carries a minimum sentence of two and a maximum of 20 years at hard labor. Oliver pled guilty as charged pursuant to an agreement, set forth on the record, that the State would not multiple-bill her and her sentence would not exceed 10 years at hard labor. After reviewing a presentence investigation report, the District Court sentenced her to eight years at hard labor. A timely motion for reconsideration was denied, and Oliver now appeals.
The factual basis of the plea was that Oliver entered a carport on South Third Street, accosted a 79-year-old lady who was getting into her car, prevented her from shutting the car door, threatened to shoot her, and forcefully took her purse, which contained about $1,000 in cash. A witness identified Oliver as the assailant. When arrested, Oliver admitted the crime, saying she did it because she needed crack cocaine.
The law prohibits “appeal or * * * review of a sentence imposed in conformity with a plea agreement which was set forth in- the record at the time of the plea.” La.C.Cr.P. art. 881.2 A(2). This provision applies equally to specific sentences and to sentence caps. State v. Young, 96-0195 (La.10/15/96), 680 So.2d 1171. Because Oliver’s sentence conforms to the cap in the plea agreement set forth on the record, we find nothing to review. State v. Jonas, 29,750 (La.App. 2 Cir. 8/20/97), 698 So.2d 744. Moreover, at the Boykin hearing, Oliver was advised that she would be waiving her right to appeal; she replied that she understood.
Oliver also contends that art. 881.2 A(2) is unconstitutional both on its face *182 and as applied to her. In support, she cites only the dissent in State v. Rice, 26,478 (La.App. 2 Cir. 12/7/94), 648 So.2d 426, unit denied 95-0431 (La.6/16/95), 655 So.2d 340. However, Rice does not hold that art. 881.2 A(2) is unconstitutional; | j>,only the dissent so suggests. The theory that a sentence is reviewable if imposed pursuant to a plea-bargained cap was based on State v. Smack, 425 So.2d 737 (La.1983). The Supreme Court explicitly rejected this theory in State v. Young, supra, as a result of the 1992 enactment of art. 881.2. The court noted no constitutional infirmity with the article, and the instant showing is insufficient to persuade us to note any.
We have reviewed the entire record and find nothing we consider to be error patent. La.C.Cr.P. art. 920(2). The conviction and sentence are therefore affirmed.
AFFIRMED.
BROWN, J., concurs with written reasons.