DREW, J.
| tAfter his 1989 conviction for first degree murder, Field Calhoun was sentenced to life at hard labor without benefit of probation, parole, or suspension of sentence. We affirmed his conviction and sentence in State v. Calhoun, 554 So.2d 127 (La. App. 2 Cir. 1989), writ denied, 558 So.2d 601 (La. 1990). The defendant was 17 when he committed this gruesome crime.
Because of Miller v. Alabama, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), and Montgomery v. Louisiana, 577 U.S. -, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016), the trial court in 2016 amended the sentence to allow him the benefit of parole eligibility.
The defendant now appeals. His appellate counsel has filed a motion to withdraw, together with a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), alleging that there are no nonfrivolous issues upon which to base an appeal. We agree with counsel.
The defendant filed a pro se brief, assigning four errors. None have merit.
We affirm the defendant’s life sentence with parole eligibility. We also grant counsel’s request to withdraw from this case.
FACTS
On August 9, 2012, the defendant filed a pro se motion to correct an illegal sentence, arguing that mandatory life without parole was unconstitutional under Miller v. Alabama, supra, because he was 17 years old when he killed the victim.
After Montgomery held that Miller was to be applied retroactively to cases on collateral review, defense counsel filed a motion to vacate this ^sentence, arguing that he should be sentenced to the next lesser included offense of manslaughter.
At the 2016 sentencing hearing, no witnesses were called. The trial court:
• rejected defendant’s arguments regarding the ex post facto application of La. C. Cr. P. art. 878.1 and La. R.S. 15:574.4(E);
• declined to resentence under the manslaughter statute; and
• granted to the defendant the possibility of parole consideration.
*905 The trial court denied defendant’s pro se motion to reconsider sentence.
DISCUSSION
The defendant’s appellate counsel has filed a motion to withdraw, alleging that he could find no nonfrivolous issues to appeal, as per Anders, supra; State v. Jyles, 96-2669 (La. 12/12/97), 704 So.2d 241; State v. Mouton, 95-0981 (La. 4/28/95), 653 So.2d 1176; and State v. Benjamin, 573 So.2d 528 (La. App. 4 Cir. 1990). The state agrees that no nonfrivolous issues exist on appeal.
This Court issued an order, pending this appeal, to hold defense counsel’s motion to withdraw in abeyance; and rescind the previous deadline for filing a pro se brief.
Defendant’s Four Pro Se Assignments of Error:
1. The sentence violates the Fifth Amendment protection of “fair notice.”
2. This sentence under La. R.S. 15:574.4 (E) is an ex post facto violation.
3. The assessed sentence was not allowed at the time of conviction;
4. This sentence is not individualized.
laThe defendant argues:
• the trial court’s retroactive application of La. R.S. 15:574.4(E) violated his right to fair notice and the prohibition against ex post facto laws;
• at the time of the offense, in 1986, Louisiana’s jurisprudence provided that if a sentence was found to be unconstitutional, the defendant would be resentenced to the penalty provision for the next lesser included offense;
• because his sentence of life imprisonment without parole is unconstitutional, he should have been resen-tenced under the 1986 manslaughter statute;
• in that year, manslaughter carried a maximum of 21 years;
• the application of La. R.S. 15:574.4(E), providing for parole consideration only after 35 years, results in a longer period of incarceration than he would have received for a conviction of manslaughter as it read in 1986;
• his sentence is illegal because the legislature has not amended the first degree murder statute to provide for sentencing of juveniles;
• he did not receive an individualized sentence as required by Miller, supra, because the trial court simply granted him parole eligibility;
• the 35 years before parole consideration in La. R.S. 15:574.4(E) vitiates the sentencing court’s ability to craft a lesser sentence that it deems appropriate after consideration of the factors set forth in La. C. Cr. P. art. 878.1; and
• because he has no realistic right to parole, his sentence violates Miller.

Applicable Law

For those offenders convicted of first degree murder in Louisiana, La. R.S. 14:30 provides for a sentence of death or life imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence. However, in Miller, supra, the United States Supreme Court held that “the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders.” The Miller court did not establish a categorical prohibition against life imprisonment without | ¿parole for juvenile homicide offenders; instead, the case requires the sentencing court to consider an offender’s youth and attendant characteris *906 ties as mitigating circumstances before deciding whether to impose the harshest penalty for juveniles convicted of a homicide offense. State v. Williams, 12-1766 (La. 3/8/13), 108 So.3d 1169; Montgomery v. Louisiana, supra. Miller drew a line between children whose crimes reflect transient immaturity and those few whose crimes reflect irreparable corruption. Life without parole is the correct sentence for the latter group. In response to Miller, our legislature enacted La. C. Cr. P. art. 878.1.[1]
If the trial court imposes a life sentence with parole eligibility, La. R.S. 15:574.4(E) was added to require many conditions, such as serving 35 years of the sentence before making application to the parole board.
In Montgomery, supra, retroactivity was added to the holding in Miller, supra. The court alleviated concerns that the retroactive application of Miller would place an undue hardship on states.[2]
|fiOn remand, the Louisiana Supreme Court in Montgomery, supra, held that courts should utilize La. C. Cr. P. art. 878.1 and La. R.S. 15:574.4(E) when reviewing sentences for juvenile homicide defendants sentenced before Miller.

Constitutionality of La. C. Cr. P. art. 878.1 and La. R.S. 15:574.4(E)

This Court and the Louisiana Third Circuit Court of Appeal have addressed and rejected claims that La. C. Cr. P. art. 878.1 and La. R.S. 15:574.4(E) are unconstitutional in light of the requirements of Miller.[3]
As the Louisiana Supreme Court held in State v. Shaffer, 11-1756 (La. *907 11/23/11), 77 So.3d 939, the mere access to the Board of Parole’s consideration satisfies the mandates of Miller, as opposed to any requirement for resentencing for a lesser offense. Further, resentencing under the manslaughter statute has been rejected soundly in our state appellate courts.[4]

\rJEx Post Facto Laws

The law in effect at the time of the crime determines the penalty to be suffered by the criminal. State v. Sugasti, 01-3407 (La. 6/21/02), 820 So.2d 518. Article I § 10 of the United States Constitution and La. Const, art. I, § 23 prohibit ex post facto application of the criminal law by the state. The focus of the ex post facto inquiry is whether a new law redefines criminal conduct or increases the penalty by which the crime is punishable. State v. Williams, 00-1725 (La. 11/28/01), 800 So.2d 790; State ex rel. Olivieri v. State, 00-0172 (La. 2/21/01), 779 So.2d 735, cert. denied, 533 U.S. 936, 121 S.Ct. 2566, 150 L.Ed.2d 730 (2001). Clearly, the instant situation does neither. The trial court scrupulously awarded this defendant all to which he was entitled in parole consideration under the guidelines in La. R.S. 15:574.4(E).
This sentence is not illegal. He received the mandatory minimum sentence available under Miller, La. R.S. 14:30, and La. C. Cr. P. art. 878.1. As this Court noted in Fletcher, supra, the legislature was not required to amend the murder statutes to provide for sentencing of juvenile homicide defendants. The legislature designed an adequate solution to Miller by creating statutes relating to parole eligibility for juvenile homicide defendants which are to be read in conjunction with the murder statutes. He has a chance at parole, but he will have to earn it. This scheme is reasonable and satisfies Miller, supra.
To the extent the defendant argues that he was entitled to a hearing and the imposition of an individualized sentence, Miller imposed no such requirement in cases where parole eligibility was permitted. In Miller, the Supreme Court explained that the Eighth Amendment does not prohibit a court from imposing a sentence of life imprisonment with the opportunity for parole for a juvenile homicide offender, nor does it require the court to consider the mitigating factors of youth before imposing such a sentence. Instead, a sentencing court’s obligation to consider youth-related mitigating factors is limited to cases in which the court imposes a sentence of life, or its equivalent, without parole. See Miller, supra, 132 S.Ct. at 2463-69. The sole question to be answered in a Miller hearing is whether the defendant should have a chance for parole. The trial court granted defendant all to which he was entitled. The rest is up to him.
DECREE
We affirm the sentence allowing the defendant potential parole eligibility. Counsel’s motion to withdraw is granted.
SENTENCE AFFIRMED; COUNSEL’S MOTION TO WITHDRAW GRANTED.

. Art. 878.1. Sentencing hearing for juvenile offenders
A. In any case where an offender is to be sentenced to life imprisonment for a conviction of first degree murder (R.S. 14:30) or second degree murder (R.S. 14:30,1) where the offender was under the age of eighteen years at the time of the commission of the offense, a hearing shall be conducted prior to sentencing to determine whether the sentence shall be imposed with or without parole eligibility pursuant to the provisions of R.S. 15:574.4(E).
B. At the hearing, the prosecution and defense shall be allowed to introduce any aggravating and mitigating evidence that is relevant to the charged offense or the character of the offender, including but not limited to the facts and circumstances of the crime, the criminal history of the offender, the offender’s level of family support, social history, and such other factors as the court may deem relevant. Sentences imposed without parole eligibility should normally be reserved for the worst offenders and the worst cases.

. "Giving Miller retroactive effect, moreover, does not require States to relitigate sentences, let alone convictions, in every case where a juvenile offender received mandatory life without parole. A State may remedy a Miller violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them. See, e.g., Wyo. Stat. Ann. § 6—10—301(c) (2013) (juvenile homicide offenders eligible for parole after 25 years). Allowing those offenders to be considered for parole ensures that juveniles whose crimes reflected only transient immaturity— and who have since matured—will not be forced to serve a disproportionate sentence in violation of the Eighth Amendment, Extending parole eligibility to juvenile offenders does not impose an onerous burden on the States, nor does it disturb the finality of state convictions. Those prisoners who have shown an inability to reform will continue to serve life sentences. The opportunity for release will be afforded to those who demonstrate the truth of Miller’s central intuition—that children who commit even heinous crimes are capable of change.” 577 U.S. at -, 136 S.Ct. at 736.

. See State v. Fletcher, 49,303 (La.App. 2 Cir. 10/1/14), 149 So.3d 934, writ denied, 14-2205 (La. 6/5/15), 171 So.3d 945, cert. denied, - U.S. -, 136 S.Ct. 254, 193 L.Ed.2d 189 (2015); and State v. Doise, 15-713 (La.App. 3 Cir. 2/24/16), 185 So.3d 335, writ denied, 2016-0546 (La. 3/13/17), 216 So.3d 808, 2017 WL 1075529.

. See State v. Williams, 50,060 (La.App. 2 Cir. 9/30/15), 178 So.3d 1069, writ denied, 15-2048 (La. 11/15/16), 209 So.3d 790; State v. Graham, 14-1769 (La.App. 1 Cir. 4/24/15), 171 So.3d 272, writ denied, 15-1028 (La. 4/8/16), 191 So.3d 583; State v. Jones, 15-157 (La. App. 5 Cir. 9/23/15), 176 So.3d 713; State v. Williams, 15-0866 (La.App. 4 Cir. 1/20/16), 186 So.3d 242, writ denied, 2016-0332 (La. 3/31/17), 217 So.3d 358, 2017 WL 1315822.