WILLIAMS, J.
*444 The defendant, Tyrone Joseph Brown, was charged by bill of indictment with second degree murder, in violation of La. R.S. 14:30.1. Following a jury trial, he was found guilty as charged. He received the mandatory sentence of life imprisonment at hard labor without the benefit of parole, probation or suspension of sentence. This Court affirmed the defendant's conviction and sentence. State v. Brown , 43,775 (La. App. 2 Cir. 12/3/08), 999 So.2d 179, writ denied , 2009-0047 (La. 9/25/09), 18 So.3d 81.
In 2016, the defendant filed a motion to correct an illegal sentence. In accordance with Miller v. Alabama , 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), and Montgomery v. Louisiana , 577 U.S. ----, 136 S.Ct. 718, 193 L.Ed. 2d 599 (2016), the trial court amended the defendant's sentence to allow for parole eligibility. The defendant appeals the trial court's ruling. For the following reasons, we affirm.
FACTS
On September 27, 2005, the victim, Michael Hunt, checked into a motel in Bossier City, Louisiana. Thereafter, Hunt, accompanied by Curtis Boykins, walked to a nearby ATM to withdraw money. While Hunt was standing at the ATM, he was approached by the defendant and another juvenile, LaDarrius Johnson. The defendant and Johnson followed Hunt and Boykins after they left the ATM.
During the walk back to the motel, Johnson snatched Hunt's wallet, removed the currency and threw the wallet back to him. The defendant and Johnson proceeded to beat Hunt about his head and body. During the altercation, Hunt fell and struck his head. The assailants fled on bicycles while Hunt and Boykins returned to the motel. Hours later, Hunt was found unconscious in his motel room; he later died as a result of his head injuries.
The defendant was charged by bill of indictment with second degree murder. After his conviction, he was sentenced to the mandatory term of life in prison without the benefit of parole, probation or suspension of sentence. The defendant appealed his conviction and sentence, challenging the sufficiency of the evidence and error in instructions to the jury. As stated above, this court affirmed his conviction and sentence.
Subsequently, the defendant filed a pro se motion to correct an illegal sentence, pursuant to Miller, supra , and Montgomery, supra.[1] The defendant argued that his sentence should be vacated and that he should be resentenced to a "set number of years" and rendered eligible for parole under the manslaughter statute. The defendant made the following assertions:
He was raised in a "dysfunctional family";
He had never had the benefit of proper guidance or stability;
He knew his father's name, but he had never had a relationship with him;
He was "left to run wild" in an environment "saturated with" drugs, prostitution and murder;
He was "pushed through school via social promotion";
*445 Due to Hurricane Katrina, he was forced to walk through "water up to [his] neck in pitch black darkness pushing corpses aside and having nothing to eat"; and
During the Hurricane Katrina ordeal, he became separated from his family and was "bounced from state to state."[2]
A hearing took place on August 2, 2016, during which the defendant was represented by counsel. During the hearing, the state stipulated that the defendant was 16 years old at the time of the offense. The state also stipulated that the defendant was entitled to be resentenced in accordance with Miller, supra , and deemed eligible for parole. Defense counsel requested that the defendant be resentenced to a specified term, rather than life with parole eligibility. Neither the state nor the defendant presented any evidence. At the conclusion of the hearing, the trial court ruled as follows:
Okay. Based on a stipulation, [the defendant] is still sentenced to life in prison. The only part that will be amended is that he will be [eligible] for parole based on the fact of the Miller case out of the United States Supreme Court.
The defendant filed a timely motion to reconsider sentence, arguing that he should have been sentenced to a term of no more than 40 years for the responsive verdict of manslaughter. The trial court denied the motion to reconsider sentence.
The defendant now appeals.
DISCUSSION
The defendant raises three arguments with regard to his sentence. First, he contends he was entitled to a full evidentiary hearing, whereby he could be resentenced to a "constitutional, individualized and proportionate" sentence. He argues a hearing would have allowed the trial court an opportunity to consider diminished capacity, prospect of rehabilitation and other factors unique to juvenile offenders.
The defendant also contends the sentence imposed was excessive for a 16-year-old offender. He asserts that Louisiana has "made the heart" of the Miller decision moot because "regardless of what a trial court hears," a life sentence must be imposed. He also argues that placing a sentencing decision with the parole board is not a substitute for a judicially imposed sentence. According to the defendant, there is no value in meeting Miller's admonition for consideration of multiple factors as mitigation by merely providing parole eligibility. He maintains that he is a "prime example" of a juvenile offender who should have been granted a hearing and a lesser sentence.[3]
Further, the defendant contends he should have been resentenced in accordance with the lesser responsive verdict of manslaughter. He argues that the manslaughter provisions should apply because the statute under which he was originally sentenced was declared unconstitutional when applied to juveniles.
In response to the Miller decision, the Louisiana legislature enacted La. C.Cr. P. art. 878.1 and La. R.S. 15:574.4(E). La. C.Cr. P. art. 878.1 provides:
A. In any case where an offender is to be sentenced to life imprisonment for a conviction of first degree murder ( R.S. 14:30 ) or second degree murder ( R.S. 14:30.1 ) where the offender was under *446 the age of eighteen years at the time of the commission of the offense, a hearing shall be conducted prior to sentencing to determine whether the sentence shall be imposed with or without parole eligibility pursuant to the provisions of R.S. 15:574.4(E).
B. At the hearing, the prosecution and defense shall be allowed to introduce any aggravating and mitigating evidence that is relevant to the charged offense or the character of the offender, including but not limited to the facts and circumstances of the crime, the criminal history of the offender, the offender's level of family support, social history, and such other factors as the court may deem relevant. Sentences imposed without parole eligibility should normally be reserved for the worst offenders and the worst cases.
La. R.S. 15:574.4(E) provides that a defendant who is serving a life sentence for a conviction of first or second degree murder, who was under the age of 18 years at the time of the commission of the offense, shall be considered for parole eligibility after he or she has served 35 years of the sentence imposed.[4]
Following Miller , in Montgomery, supra , the Court addressed concerns that the retroactive application of Miller would place an undue hardship on states. The Court stated:
Giving Miller retroactive effect, moreover, does not require States to relitigate sentences, let alone convictions, in every case where a juvenile received life without parole. A State may remedy a *447 Miller violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them. Allowing those offenders to be considered for parole ensures that juveniles whose crimes reflected only transient immaturity-and who have since matured-will not be forced to serve a disproportionate sentence in violation of the Eighth Amendment.
Id ., 136 S.Ct. at 736 (emphasis added). On remand, the Louisiana Supreme Court held that absent new legislation to the contrary, courts should utilize Article 878.1 and R.S. 15:574.4(E) when conducting resentencing hearings for juvenile homicide defendants sentenced prior to the Miller decision. State v. Montgomery , 2013-1163 (La. 6/28/16), 194 So.3d 606. Eligibility for parole is the sole question to be answered in a Miller hearing. Id. at 610, (J. Crichton concurring).
The constitutionality of La. C.Cr. P. art. 878.1 has been upheld. State v. Fletcher , 49,303 (La. App. 2 Cir. 10/1/14), 149 So.3d 934, writ denied , 2014-2205 (La. 6/5/15), 171 So.3d 945, cert. denied , --- U.S. ----, 136 S.Ct. 254, 193 L.Ed.2d 189 (2015). Moreover, courts have rejected arguments that the post- Miller statutory scheme fails to comply with Miller because it merely allows a youthful offender parole eligibility and not the right to parole without a sentencing hearing. State v. Kelly , 51,246 (La. App. 2 Cir. 4/5/17), 217 So.3d 576.[5] See also , State v. Doise , 2015-713 (La. App. 3 Cir. 2/24/16), 185 So.3d 335, writ denied , 2016-0546 (La. 3/13/17), 216 So.3d 808 ; State v. Plater , 51,338 (La. App. 2 Cir. 5/17/17), 222 So.3d 897, 2017 WL 2131499 ; State v. Calhoun , 51,337 (La. App. 2 Cir. 5/17/17), 222 So.3d 903, 2017 WL 2131500.
Further, our circuit courts have repeatedly rejected the claim that, in light of Miller , juvenile homicide defendants should be sentenced under the manslaughter statute. State v. Williams , 50,060 (La. App. 2 Cir. 9/30/15), 178 So.3d 1069, writ denied , 2015-2048 (La. 11/15/16), 209 So.3d 790 ; State v. Calhoun, supra ; State v. Plater, supra ; State v. Graham , 2014-1769 (La.App. 1 Cir. 4/24/15), 171 So.3d 272, writ denied , 2015-1028 (La. 4/8/16), 191 So.3d 583 ; State v. Dupre , 2016-1352 (La.App. 1st Cir. 4/12/17), 2017 WL 1376526 ; State v. Williams , 2015-0866 (La. App. 4 Cir. 1/20/16), 186 So.3d 242, writ denied , 2016-0332 (La. 3/31/17), 217 So.3d 358 ; State v. Jones , 2015-157 (La. App. 5 Cir. 9/23/15), 176 So.3d 713.
After considering this record, the relevant statutory provisions and the jurisprudence, *448 we find that it is procedurally appropriate for this Court to review the defendant's illegal sentence claim under Miller and its progeny. However, the defendant's claim of excessive sentence and his argument that the trial court failed to consider mitigating circumstances are barred and outside the scope of this Court's Miller review.[6] As stated above, eligibility for parole is the sole question to be answered in a Miller hearing. Accordingly, there is no consideration of whether the defendant was entitled to a downward departure from the mandatory sentence of life imprisonment at hard labor. Rather, the trial court was required to consider only whether that mandatory sentence should include parole eligibility. See State v. Montgomery, supra ; State v. Shaw , 51,325 (La. App. 2 Cir. 5/17/17), 223 So.3d 607, 2017 WL 2152520.
Moreover, where parole eligibility is permitted, Miller did not impose a requirement that a defendant be allowed to present mitigating factors. Instead, a sentencing court's obligation to consider youth-related mitigating factors is limited to cases in which the court imposes a life sentence without parole eligibility. Miller , 132 S.Ct. at 2469.[7] Likewise, the defendant's argument that the Parole Board's consideration is insufficient to satisfy Miller has also been rejected. State v. Kelly, supra. See also State ex rel. Morgan v. State , 2015-0100 (La. 10/19/16), 217 So.3d 266. The defendant's claim with regard to excessiveness is also without merit, as he received the mandatory minimum sentence available under Miller . See State v. Graham, supra. Accordingly, we find that the trial court did not err in sentencing the defendant to serve life in prison, with parole eligibility.
CONCLUSION
For the reasons set forth herein, we affirm the defendant's sentence.
AFFIRMED.

In Miller , the Supreme Court held that a mandatory sentencing scheme that denies parole eligibility for those convicted of a homicide committed while the offender was a juvenile violates the Eighth Amendment's prohibition against cruel and unusual punishment. In Montgomery , the Court held that Miller retroactively applied to defendants whose convictions and sentences became final prior to the Miller decision.

The murder was committed approximately one month after Hurricane Katrina occurred.

In support of his argument, the defendant recounts his life before he committed the crime, as noted above. He also asserts that he made a "horrible mistake" by becoming involved in the robbery of the victim.

La. R. S. 15:574.4(E) provides:
(1) Notwithstanding any provision of law to the contrary, any person serving a sentence of life imprisonment for a conviction of first degree murder (R.S. 14:30 ) or second degree murder (R.S. 14:30.1 ) who was under the age of eighteen years at the time of the commission of the offense shall be eligible for parole consideration pursuant to the provisions of this Subsection if a judicial determination has been made that the person is entitled to parole eligibility pursuant to Code of Criminal Procedure Article 878.1 and all of the following conditions have been met:
(a) The offender has served thirty-five years of the sentence imposed.
(b) The offender has not committed any major disciplinary offenses in the twelve consecutive months prior to the parole hearing date. A major disciplinary offense is an offense identified as a Schedule B offense by the Department of Public Safety and Corrections in the Disciplinary Rules and Procedures for Adult Offenders.
(c) The offender has completed the mandatory minimum of one hundred hours of prerelease programming in accordance with R.S. 15:827.1.
(d) The offender has completed substance abuse treatment as applicable.
(e) The offender has obtained a GED certification, unless the offender has previously obtained a high school diploma or is deemed by a certified educator as being incapable of obtaining a GED certification due to a learning disability. If the offender is deemed incapable of obtaining a GED certification, the offender shall complete at least one of the following:
(i) A literacy program.
(ii) An adult basic education program.
(iii) A job skills training program.
(f) The offender has obtained a low-risk level designation determined by a validated risk assessment instrument approved by the secretary of the Department of Public Safety and Corrections.
(g) The offender has completed a reentry program to be determined by the Department of Public Safety and Corrections.
(2) For each offender eligible for parole consideration pursuant to the provisions of this Subsection, the board shall meet in a three-member panel, and each member of the panel shall be provided with and shall consider a written evaluation of the offender by a person who has expertise in adolescent brain development and behavior and any other relevant evidence pertaining to the offender.
(3) The panel shall render specific findings of fact in support of its decision.

Recently, in State v. Kelly, supra , this Court stated:
The defendant's claims that Louisiana's sentencing scheme for juvenile homicide defendants fails to comply with Miller run counter to the plain language of Miller .
***
As for the defendant's argument that the trial court erred by failing to allow him to present mitigating evidence, Miller did not impose such a requirement in cases where parole eligibility was permitted. In Miller , the Supreme Court explained that the Eighth Amendment does not prohibit a court from imposing a sentence of life imprisonment with the opportunity for parole for a juvenile homicide offender, nor does it require the court to consider the mitigating factors of youth before imposing such a sentence. Instead, a sentencing court's obligation to consider youth-related mitigating factors is limited to cases in which the court imposes a sentence of life, or its equivalent, without parole. Notwithstanding this fact, La. C. Cr. P. art. 878.1 provides that "the prosecutors and defense shall be allowed to introduce any aggravating and mitigating evidence that is relevant to the charged offense or the character of the offender." Nonetheless, despite the fact that the defendant was not given the opportunity to present mitigating evidence per La. C. Cr. P. art. 878.1, he received the minimum sentence available. Accordingly, the error is harmless.
Id . at 584-85.

We also note that the defendant did not argue mitigating circumstances or attempt to present any mitigating evidence at the resentencing hearing.

Further, as this Court concluded in State v. Kelly, supra , any error in the defendant's inability to present aggravating and mitigating factors under La. C.Cr. P. art. 878.1 is harmless as he received the minimum sentence available.