WILLIAMS, J.
The defendant, Randy Marshall, was convicted of second degree murder, a violation of La. R.S. 14:30.1. The defendant was sentenced to serve the mandatory term of life imprisonment at hard labor, without the benefit of parole, probation or suspension of sentence. Defendant's conviction and sentence were affirmed on appeal. State v. Marshall , 44,121 (La. App. 2 Cir. 4/8/09), 6 So.3d 1051, writ denied , 2009-1113 (La. 1/22/10), 25 So.3d 130.
In April 2016, the defendant filed a motion to correct an illegal sentence pursuant to Miller v. Alabama , 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), and Montgomery v. Louisiana , 577 U.S. ----, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016). In compliance with State v. Montgomery , 2013-1163 (La. 6/28/16), 194 So.3d 606, the trial court resentenced defendant to life imprisonment without the benefit of probation or suspension of sentence, but with the benefit of parole eligibility. Defendant appeals that sentence. For the following reasons, we affirm.
FACTS
The record shows that in April 2005, the defendant, age 17, conspired with his friends to commit armed robbery. After procuring a .28-caliber revolver and a semi-automatic handgun, defendant and his friends proceeded to a Shreveport tire shop and ordered the group of men present to get on the floor and put their money beside them. As the robbers collected the money, one man, Charlie Lewis, stabbed defendant in his ankle and side. In response, defendant shot Lewis twice in the back, and once in the chest, shoulder, and arm. Lewis later died from the gunshot wounds. Defendant was arrested and charged with second degree murder.
After a bench trial, defendant was found guilty as charged and the trial court imposed the mandatory sentence of life imprisonment at hard labor, without the benefit of parole, probation or suspension of sentence. On appeal, this Court found the evidence was sufficient to support the conviction, that defendant's confession was *338 freely and voluntarily given and that he was not prejudiced by the admission of the coroner's draft report. See State v. Marshall, supra .
In April 2016, defendant filed a motion to correct an illegal sentence arguing that he was entitled to a new sentence in light of Miller and Montgomery . He asserted that the trial court had no authority to sentence him to parole eligibility under the provisions of La. R.S. 14:30.1 because the statute had not been modified. Defendant also asserted that the trial court was without authority to sentence him to parole eligibility under La. C.Cr.P. art. 878.1 and La. R.S. 15:574.4 because those statutes did not apply retroactively to cases such as his, where the conviction and sentence were final prior to the decision in Miller . Defendant urged that he should be resentenced under the responsive verdict of manslaughter, or granted immediate parole eligibility.
At the hearing for resentencing in June 2016, the defendant's appointed counsel stated the defendant understood that under existing laws, the trial court was limited to granting him a life sentence with eligibility for parole. The trial judge explained to the defendant that claims for sentencing according to the manslaughter statute had already been considered and rejected by the courts. The trial court denied defendant's motion and ordered that his life sentence be modified to include the benefit of parole eligibility.
The defendant then filed a pro se motion to reconsider sentence, claiming that (1) his sentence was illegal because it was not prescribed by statute; (2) his sentence violated his right to fair notice and the prohibition against the ex post facto application of law; and (3) his sentence should have been imposed under the penalty for the next lesser-included responsive verdict of manslaughter. The trial court denied the motion to reconsider and this appeal followed.
DISCUSSION
The defendant raises three assignments of error with regard to his sentence. First, he contends the trial court erred in violating his due process rights by imposing a sentence pursuant to a sentencing scheme that violates the separation of powers established in the state constitution. Defendant also contends the trial court erred in denying his motion to modify the sentence and should have imposed the penalty for the lesser responsive verdict of manslaughter. Further, he contends the trial court erred in failing to perform its duty to assure that a proportionate sentence was imposed and in sentencing defendant to life imprisonment with eligibility for parole, thereby precluding a meaningful opportunity for release.
Pursuant to La. R.S. 14:30.1, the penalty for a conviction of second degree murder is a mandatory sentence of life imprisonment at hard labor without the benefit of parole, probation or suspension of sentence. However, in Miller, supra , the United States Supreme Court held that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." The Miller court did not establish a categorical prohibition against life imprisonment without parole for juvenile homicide offenders; instead, the decision requires the sentencing court to consider an offender's youth and attendant characteristics as mitigating circumstances before deciding whether to impose the harshest penalty for juveniles convicted of a homicide offense. State v. Williams , 2012-1766 (La. 3/8/13), 108 So.3d 1169 ; Montgomery v. Louisiana, supra . The Miller case drew a line between children whose crimes reflect transient immaturity and those few whose *339 crimes reflect irreparable corruption. In Montgomery, supra , the court held that Miller applied retroactively to defendants whose sentences were final prior to the date of the Miller decision.
In response to Miller , our legislature enacted La. C.Cr.P. art. 878.1, which provides that when an offender convicted of second degree murder was under age 18 at the time of the offense, a hearing shall be held to determine the issue of parole eligibility. If the trial court imposed a life sentence with parole eligibility, La. R.S. 15:574.4 provided the conditions required to be met in order for the offender to be considered for parole. On remand, the Louisiana Supreme Court in Montgomery, supra , held that courts should utilize La. C.Cr.P. art. 878.1 and La. R.S. 15:574.4 when reviewing sentences for juvenile homicide defendants convicted and sentenced before Miller . The sole question to be answered in a Miller hearing is whether the defendant should be eligible for parole. State v. Montgomery, supra .
Both of the above statutes were amended, effective August 1, 2017. As a result, La. C.Cr.P. art. 878.1(B)(2) now provides that if the trial court determined, at a Miller hearing held prior to August 1, 2017, that the offender's sentence shall be imposed with parole eligibility, the offender shall be eligible for parole pursuant to the conditions listed in La. R.S. 15:574.4(G). The sole purpose of the Miller hearing is to determine whether the sentence shall be imposed with or without parole eligibility. La. C.Cr.P. art. 878.1(D). In addition, the term of imprisonment to be served in order to be considered for parole was reduced from 35 years to 25 years. La. R.S. 15:574.4(G).
Louisiana courts have addressed and rejected (1) claims that Article 878.1 and La. R.S. 15:574.4 are unconstitutional in light of the requirements of Miller ; (2) claims that the courts are without authority to impose sentence under Article 878.1 and La. R.S. 15:574.4 ; and (3) claims that juvenile homicide offenders should be sentenced according to the penalty for the lesser-included responsive verdict of manslaughter or considered for a downward departure from the term of life imprisonment. See State v. Sumler , 51,324 (La. App. 2 Cir. 5/2/17), 219 So.3d 503 ; State v. Calhoun , 51,337 (La. App. 2 Cir. 5/17/17), 222 So.3d 903 ; State v. Shaw , 51,325 (La App. 2 Cir. 5/17/17), 223 So.3d 607 ; State v. Plater , 51,338 (La. App. 2 Cir. 5/17/17), 222 So.3d 897 ; State v. Fletcher , 49,303 (La. App. 2 Cir. 10/1/14), 149 So.3d 934, writ denied , 2014-2205 (La. 6/5/15), 171 So.3d 945, cert. denied , --- U.S. ----, 136 S.Ct. 254, 193 L.Ed.2d 189 (2015) ; see also State v. Doise , 2015-713 (La. App. 3 Cir. 2/24/16), 185 So.3d 335, writ denied , 2016-0546 (La. 3/13/17), 216 So.3d 808.
A constitutional challenge may not be considered by an appellate court unless it was properly pleaded and raised in the trial court below. State v. Hatton , 2007-2377 (La. 7/1/08), 985 So.2d 709. A constitutional challenge to a state law must be pled or litigated in the trial court, in order for the issue to be considered on appeal. State v. Kennedy , 49,036 (La. App. 2 Cir. 5/14/14), 140 So.3d 1201. Additionally, where a statute is alleged to be unconstitutional, the state attorney general must be served with a copy of the proceeding and given the opportunity to be heard. La. C.C.P. art. 1880.
The defendant argues in his brief that the sentence of life with eligibility of parole is illegal on the grounds that: (1) parole eligibility was not part of the underlying statute at the time the offense was committed; (2) Article 878.1 and Section 574.4 do not apply to the defendant because his case was final prior to the decision in Miller ; (3) only the legislature has *340 authority to create a new sentencing scheme for a life sentence with parole eligibility; (4) the courts were legally bound to either sentence defendant according to the lesser-included responsive verdict of manslaughter, grant him immediate parole eligibility or consider a downward departure from the life sentence; and (5) granting eligibility for parole only after defendant has served 35 years of the sentence does not constitute a meaningful opportunity for parole.
The state attorney general's office objects in its brief to defendant's claim of constitutional violation on the grounds that the attorney general's office was not properly notified of the constitutional claims until after the trial court had issued its ruling. Alternatively, the state attorney general contends the state courts have authority to modify an illegal sentence and have the duty to follow the rulings in Miller and Montgomery by resentencing juvenile homicide offenders in accordance with Article 878.1 and R.S. 15:574.4.
Initially, we note that the defendant's constitutional claim is not properly before this court because the attorney general was not previously notified; nevertheless, even if considered on appeal, his claim is without merit. Our state courts are authorized to correct an illegal sentence and are legally bound to follow Miller, supra , which required that juvenile homicide offenders be resentenced after a determination of parole eligibility and Montgomery, supra , which required sentencing courts to also resentence juvenile homicide offenders whose cases were final prior to the date of the Miller decision.
Defendant received the minimum sentence available under La. R.S. 14:30.1 and Article 878.1 and there is no showing that the sentence imposed violates the Eighth Amendment. The sole question to be answered at the resentencing hearing was whether defendant should be eligible for parole. Thus, the trial court granted this defendant all to which he was entitled. See Calhoun, supra ; Shaw, supra ; Sumler, supra .
Based upon the record, the relevant statutory provisions and the jurisprudence, we conclude the trial court did not err in imposing the sentence of life imprisonment with the eligibility of parole. The assignments of error lack merit.
CONCLUSION
For the foregoing reasons, the defendant's sentence is affirmed.
AFFIRMED.