| | | |
|---|---|---|
| **STATE OF LOUISIANA** | * | **NO. 2022-KA-0391** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **JAMEL MALIK** | * | |
| | | **FOURTH CIRCUIT** |
| | * | |
| | | **STATE OF LOUISIANA** |

\* \* \* \* \* \* \*

APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 366-631, SECTION "G"
Judge Nandi Campbell,
\* \* \* \* \* \*
**Judge Rachael D. Johnson**
\* \* \* \* \* \*

(Court composed of Judge Edwin A. Lombard, Judge Daniel L. Dysart, Judge Rachael D. Johnson)

Jameel Malik #344888
Louisiana State Penitentiary
Spruce-4
Angola, LA 70712


COUNSEL FOR APPELLANT


Jason Rogers Williams
DISTRICT ATTORNEY
ORLEANS PARISH
619 S. White Street
New Orleans, LA 70119

G. Benjamin Cohen
Chief of Appeals, DISTRICT ATTORNEY
619 S. White Street
New Orleans, LA 70119

Bruce G. Whittaker
LOUISIANA APPELLATE PROJECT
1215 Prytania Street, Suite 332
New Orleans, LA 70130-4357

Sherry Watters
LOUISIANA APPELLATE PROJECT
P. O. Box 58769
New Orleans, LA 70158

Brad Scott
Assistant District Attorney
ORLEANS PARISH DISTRICT ATTORNEY
619 S. White Street
New Orleans, LA 70119


COUNSEL FOR APPELLEE



**AFFIRMED**
**OCTOBER 27, 2022**

*RDJ*
*EAL*
*DLD*

The Appellant, Jameel Malik, seeks review of the February 24, 2021 ruling of the district court, resentencing him to life with parole eligibility. Malik further seeks review of the May 12, 2021 ruling of the Court denying his *pro se* constitutional challenges; the June 17, 2019 and June 28, 2021 rulings of the district court denying his *pro se* motion to withdraw guilty plea, respectively; and, the November 17, 2021 rulings of the district court, denying his motion to reconsider sentence and limiting his right to challenge his sentence on direct appeal pursuant to La. Code Crim. Proc. art. 881.2. Following our review of the record and applicable law, we affirm the rulings of the district court.

**FACTS AND PROCEDURAL HISTORY**

In November of 1993, two separate grand juries issued indictments charging Malik as follows: in case number 366-626, he was charged with armed robbery, attempted armed robbery and attempted first-degree murder; and, in case number 366-631, he was charged with first-degree murder.[1]

---

[1] When Malik was indicted, a juvenile was subject to the possible imposition of a death sentence when convicted of first-degree murder.

The following year, in case number 366-631, he pled guilty to an amended charge of second-degree murder. He simultaneously pled guilty to the charges against him in case number 366-626. Malik was subsequently sentenced to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence for his second-degree murder conviction, which was the mandatory sentence at that time. His sentence was ordered to run concurrently with the sentences in case number 366-626.[2]

However, the United States Supreme Court has held that a mandatory sentence of life imprisonment with the possibility of parole imposed against juvenile offenders violates the Eighth Amendment. *Miller v. Alabama*, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012). The Supreme Court subsequently ruled that *Miller* was retroactive, enabling those juveniles who had been sentenced to mandatory life imprisonment terms without the possibility of early release to reconsideration of those sentences. *Montgomery v. Louisiana*, 577 U.S. 190, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016).

Pursuant to *Miller* and *Montgomery*, Malik's sentence of life imprisonment without parole was vacated by the district court on February 1, 2017. His resentencing was set for a later date. Thereafter, in June 2019, he filed a *pro se* motion seeking to withdraw his 1994 guilty plea, which was denied. He sought

---

[2] Pursuant to his guilty plea, Malik was also convicted on charges of armed robbery, attempted armed robbery, and attempted second-degree murder. He was sentenced to fifty years imprisonment without benefit of parole, probation and suspension of sentence for his attempted second-degree murder conviction and for his armed robbery conviction, respectively. He was sentenced to forty-nine years without benefit of parole, probation and suspension of sentence for his attempted armed robbery conviction. All of Malik's sentences were ordered to run concurrently.

supervisory review of the district court's ruling. His writ application was denied. *State v. Malik*, 19-0646, pp. 1-2 (La. App. 4 Cir. 8/13/19). The Louisiana Supreme Court subsequently denied writs. *State v. Malik*, 19-01612 (La. 7/24/20), 299 So.3d 55.

A resentencing hearing was held on February 24, 2021, pursuant to *Miller*. The district court resentenced Malik to "life with parole eligibility," with no opposition from the State. Although Malik raised *pro se* challenges to the constitutionality of the State sentencing statutes, the court did not rule on those challenges at the hearing at Malik's request. Those challenges were later denied on May 12, 2021. The district court additionally denied his motions to withdraw his pleas and motion to reconsider his sentence on June 28 and July 7, 2021, respectively.

Malik later filed an application for post- conviction relief, seeking an out-of-time appeal of his resentencing. His application was granted on November 17, 2021. This timely appeal followed. Malik raises both counseled and *pro se* assignments of error:

**Counseled Assignments of Error**

1. La. Rev. Stat. 15:574.4 and La. Code Crim. Proc. art. 878.1 impermissibly shifts the burden of proving entitlement to parole to Malik;

2. La. Rev. Stat. 15:574.4 and La. Code Crim. Proc. art. 878.1 violate the separating of powers by empowering the executive branch, i.e., the parole board, rather than a judge, to determine the actual sentence;

3. La. Rev. Stat. 15:574.4 and La. Code Crim. Proc. art. 878.1 violate Malik's constitutional right to appeal.

***Pro Se* Assignments of error:**

1. The district court abused its discretion when it denied Malik's request to withdraw his constitutionally infirm guilty plea before sentencing and after sentencing due to legal defects that nullified his plea bargain.

2. The district court abused its discretion when it limited Malik's right to challenge his sentence on direct appeal.

3. The district court abused its discretion when it denied Malik's motion to reconsider his sentence.

**Counseled Assignments of Error**

Malik's three counseled assignments of error all challenge the constitutionality of La. Rev. Stat. 15:574.4 and La. Code Crim. Proc. art. 878.1. These challenges, however, have been found to be meritless in Louisiana, where the statute and article have been found to be consistent with the holdings of *Miller and Montgomery*.

Louisiana Code Crim. Proc. art. 878.1, entitled *Hearing to determine parole eligibility for certain juvenile offenders*, states in pertinent part:

> B. (1) If an offender was indicted prior to August 1, 2017, for the crime of first-degree murder (R.S. 14:30) or second-degree murder (R.S. 14:30.1) where the offender was under the age of eighteen years at the time of the commission of the offense and a hearing was not held pursuant to this Article prior to August 1, 2017, to determine whether the offender's sentence should be imposed with or without parole eligibility, the district attorney may file a notice of intent to seek a sentence of life imprisonment without the possibility of parole within ninety days of August 1, 2017. If the district attorney timely files the notice of intent, a hearing shall be conducted to determine whether the sentence shall be imposed with or without parole eligibility. If the court determines that the sentence shall be imposed with parole eligibility, the offender shall be eligible for parole pursuant to R.S. 15:574.4(G). If the district attorney fails to timely file the notice of intent, the offender shall be eligible for parole pursuant to R.S. 15:574.4(E) without

4

the need of a judicial determination pursuant to the provisions of this Article. If the court determines that the sentence shall be imposed without parole eligibility, the offender shall not be eligible for parole.

. . .

D. The sole purpose of the hearing is to determine whether the sentence shall be imposed with or without parole eligibility. The court shall state for the record the considerations taken into account and the factual basis for its determination. Sentences imposed without parole eligibility and determinations that an offender is not entitled to parole eligibility should normally be reserved for the worst offenders and the worst cases.

Additionally, La. Rev. Stat. 15:574.4, entitled *Parole; eligibility; juvenile offenders*, provides in pertinent part:

G. (1) Notwithstanding any provision of law to the contrary, any person serving a sentence of life imprisonment for a conviction of first-degree murder (R.S. 14:30) or second-degree murder (R.S. 14:30.1) who was under the age of eighteen years at the time of the commission of the offense and whose indictment for the offense was prior to August 1, 2017, shall be eligible for parole consideration pursuant to the provisions of this Subsection if a judicial determination has been made that the person is entitled to parole eligibility pursuant to Code of Criminal Procedure Article 878.1(B) and all of the following conditions have been met:

(a) The offender has served twenty-five years of the sentence imposed.

(b) The offender has not committed any major disciplinary offenses in the twelve consecutive months prior to the parole hearing date. A major disciplinary offense is an offense identified as a Schedule B offense by the Department of Public Safety and Corrections in the Disciplinary Rules and Procedures for Adult Offenders.

(c) The offender has completed the mandatory minimum of one hundred hours of pre-release programming in accordance with R.S. 15:827.1.

(d) The offender has completed substance abuse treatment as applicable.

(e) The offender has obtained a GED certification, unless the offender has previously obtained a high school diploma or is deemed by a certified educator as being incapable of obtaining a GED certification due to a learning disability. If the offender is deemed incapable of obtaining a GED certification, the offender shall complete at least one of the following:

(i) A literacy program.
(ii) An adult basic education program.
(iii) A job skills training program.
(f) The offender has obtained a low-risk level designation determined by a validated risk assessment instrument approved by the secretary of the Department of Public Safety and Corrections.

(g) The offender has completed a reentry program to be determined by the Department of Public Safety and Corrections.

This Court previously explained that the legislative genesis of the subject statute and article are rooted in *Miller*:

> In 2013, the Louisiana Legislature implemented *Miller* by enacting La. Code Crim. Proc. art. 878.1 and La. Rev. Stat. 15:574.4(E). The Louisiana Supreme Court initially held that *Miller* was not retroactively applicable, *State v. Tate*, 2012-2763 (La. 11/5/13), 130 So.3d 829, but that decision was ultimately overruled by the United States Supreme Court's determination that the *Miller* decision was a new substantive rule of constitutional law and, therefore, retroactively applicable to cases on collateral review as it rendered a certain penalty unconstitutionally excessive for a category of offenders. *Montgomery v. Louisiana*, —— U.S. ——, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016) (reversing *State v. Montgomery*, 2013-1163 (La. 6/20/14), 141 So.3d 264). Accordingly, the Louisiana Supreme Court instructed the lower courts that, absent new legislation to the contrary, La. Code Crim. Proc. art. 878.1 and La. Rev. Stat.15:574.4(E) were applicable to resentencing hearings conducted on collateral review of juvenile homicide defendants sentenced prior to *Miller* to determine parole eligibility should be granted or denied.

*State v. Lewis*, 17-0651, p. 4 (La.App. 4 Cir. 4/18/18), 244 So.3d 527, 530.

In his first assignment of error, Malik contends La. Rev. Stat. 15:574.4 and La. Code Crim. Proc. art. 878.1 impermissibly shift the burden of proof to him to demonstrate his parole worthiness. Malik is correct in asserting that he is tasked with meeting the statutory standards to be considered for release; however, the burden is constitutionally permissible. The State correctly notes that in compliance with *Miller*, Malik is only eligible for parole consideration when the statutory requirements of La. Rev. Stat. 15:574.4 have been met.

In *State v. Calhoun*, a 17-year old defendant was convicted of first-degree murder and sentenced to life at hard labor without benefit of probation, parole, or suspension of sentence in 1989. 51,337, pp. 1-2 (La. App. 2 Cir. 5/17/17), 222 So.3d 903, 904. Following the decisions of *Miller* and *Montgomery*, a *Miller* hearing was held, resulting in the defendant being resentenced to life with parole eligibility. *Id.* The defendant asserted on appeal that La. Code Crim. Proc. art. 878.1 and La. Rev. Stat. 15:574.4(E) are unconstitutional and his sentence was illegal. *Id.*

The Second Circuit denied his claims noting the "Louisiana Supreme Court held in *State v. Shaffer*, 11-1756 (La. 11/23/11), 77 So.3d 939, the mere access to the Board of Parole's consideration satisfies the mandates of *Miller*, as opposed to any requirement for resentencing for a lesser offense." *Id.*, 51,337, p. 6, 222 So.3d at 906-07. Moreover, the Court reasoned that the legislature devised "an adequate solution to *Miller* by creating statutes relating to parole eligibility for juvenile homicide defendants which are to be read in conjunction with the murder statutes. He [the defendant] has a chance at parole, but he will have to *earn* it. This scheme is reasonable and satisfies *Miller*, *supra*." *Id.* at 907 [emphasis added].

7

In the matter *sub judice*, Malik similarly has a chance at earning parole. This assignment of error is without merit.

Malik's remaining two counseled assignments of error present challenges to the constitutionality of the Parole Board. In his second assignment of error, he asserts that La. Code Crim. Proc. art. 878.1 and La. Rev. Stat. 15:574.4(E) impose an indeterminate sentence of twenty-five years to life for second-degree juvenile offenders. He asserts that because the executive branch, via the Parole Board, is empowered by these laws to determine sentences instead of judges, the separations of powers clause is violated. We find no such violation.

Courts are tasked with imposing determinate sentences under La. Code Crim. Proc. art. 879, which states that a defendant "who has been convicted of an offense is sentenced to imprisonment, the court shall impose a determinate sentence." Malik was properly sentenced by the district court to life with the possibility of parole, which is a determinate sentence. However, he conflates the determinate sentence imposed at his *Miller* hearing with the legislative requirements set forth for parole consideration.

Individualized sentencing is neither a requirement of *Miller* nor *Montgomery*. The *Montgomery* Court reasoned that *Miller* violations could be appropriately remedied by allowing juvenile homicide offenders to be considered for parole instead of relitigating their sentence:

> A State may remedy a *Miller* violation by permitting juvenile homicide offenders *to be considered for parole*, rather than by resentencing them. See, e.g., Wyo. Stat. Ann. § 6–10–301(c) (2013) (*juvenile homicide offenders eligible for parole after 25 years*). Allowing those offenders to be considered for parole ensures that juveniles whose crimes reflected only transient immaturity—and who have since matured— will not be

> forced to serve a disproportionate sentence in violation of the Eighth Amendment.

*Montgomery*, 136 S.Ct. at 736 [emphasis added]. Malik has served more than 25 years. Thus, he meets the statutory criteria of La. Rev. Stat. 15:574.4 (G)(1)(a), which *Montgomery* clearly recognizes as being constitutionally consistent with the Eighth Amendment in citing to a similar Wyoming statute in the aforementioned quote.

Additionally, this argument has been previously been raised and rejected by juvenile homicide defendants. This Court has denied such a claim, finding that all three branches of government are involved in the Louisiana criminal justice system, with the Parole Board (executive branch) solely having the authority to determine when offenders are eligible for parole:

> . . . [T]he fixing of penalties is purely a legislative function, but the trial judge has the discretion to determine the appropriate sentence within the sentencing range fixed by the legislature. "It is the legislature's prerogative to determine the length of the sentence imposed for crimes classified as felonies." *State v. Dorthey,* 623 So.2d 1276, 1278 (La.1993) (citations omitted). Moreover, courts are charged with applying these punishments unless they are found to be unconstitutional. *Id.* The legislature is also free to limit the discretion of the court in imposing a sentence. *LeCompte,* 406 So .2d at 1306 (citing *Normand,* 285 So.2d at 211). As for parole decisions, "[t]he determination of whether [a defendant] may be released on parole falls within the exclusive purview of the Board of Parole, charged with the duty of ordering parole 'only for the best interest of society, not as an award of clemency.' " *State v.. Richards,* 11–349, p. 15 (La.App. 4 Cir. 12/1/11), 78 So.3d 864, 872, *writ denied,* 11–2807 (La.4/27/12), 86 So.3d 627 (citing *Shaffer,* 11–1756 at 4, 77 So.3d at 943).

> Contrary to the defendant's contention, the parole board has the exclusive right to make parole determinations. La. R.S. 15:574.4(D) established criteria for parole eligibility in relation to the parole board's decisions to

> release an offender on parole. This statute does not implicate the judicial branch much less transfer any of its power or authority to the parole board. It is clear that the trial court's sentencing discretion was limited by the legislature . . . . Thus, in accord with its sentencing responsibility, it imposed a sentence congruent with both legislative and constitutional directives. *See Dorthey, supra*, and *Normand, supra*.

*State v. Jones*, 13-1614, pp. 3-4 (La. App. 4 Cir. 8/20/14), 2014 WL 4161563.

We similarly find that Malik's assertion that the Parole Board's ability to determine whether he should be paroled violates the separation of powers clause is without merit because it is not the function of the judiciary to make parole determinations. This assignment of error is without merit.

In his final counseled assignment of error, Malik avers that district courts are restricted to determining eligibility for parole under La. Code Crim. Proc. art. 878.1, making it impossible for juvenile offenders to challenge excessive life sentences. He further asserts that La. Rev. Stat. 15:574.4 and La. Code Crim. Proc. art. 878.1 fail to provide judicial review of the Louisiana Parole Board's decisions to deny parole.

As stated above, the existing Parole Board system is consistent with *Miller*. Additionally, the Louisiana Supreme Court has previously rejected this claim, holding in *Shaffer*, *supra*, that "access to Louisiana parole board consideration satisfies Eighth Amendment requirement of 'meaningful opportunity for release.' " *State v. Tate*, 21-0253, pp. 6-7 (La.App. 4 Cir. 9/29/21), 327 So.3d 1053, 1058. Thus, we find this assignment of error to be without merit.

**Pro Se Assignments of Error**

In Malik's first *pro se* assignment of error, he avers the district court abused its discretion in denying his request to withdraw his prior guilty plea before and

after sentencing due to legal defects which rendered his plea bargain null. As stated above, this Court previously denied Malik's writ application wherein he sought review of the district court's June 17, 2019 ruling denying his motion to withdraw guilty plea. However, the denial of the writ application is not "law of the case," so we address this issue anew. *State v. Brown*, 15-0855, p. 7 (La. App. 4 Cir. 10/21/15), 176 So.3d 761, 766-67.

Challenging the district court's denial of his motion to withdraw his guilty plea in 2019 and in 2021, Malik avers that *Miller*, *Montgomery*, as well as *United States v. Davis*, ––– U.S. ––––, 139 S.Ct. 2319, 2324, 204 L.Ed.2d 757 (2019), have rendered his guilty plea an absolute nullity. None of these cases, however, hold that a valid voluntarily entered guilty plea can be nullified. *Davis*, in fact, does not involve a guilty plea agreement at all. Furthermore, we note that Malik was incentivized to enter into the plea agreement in 1994 because as a juvenile, if he was convicted of first-degree murder, he could have been sentenced to death.[3] The record reflects that Malik was properly advised of his rights pursuant *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274(1969), at the time his plea was entered.[4]

Malik further avers that his 2021 resentencing was violative of due process because the district court was not authorized to impose a sentence with parole where his original sentence required a life sentence without parole, as approved of by the family of the victim. As explained above, Malik's resentencing was mandatory, pursuant to *Miller* and *Montgomery*, absent a showing by the State that

---

[3] The district court questioned Malik on the record whether he was aware that by entering his plea of guilty to second degree murder that he was thereby eliminating the possibility of receiving a death sentence for first degree murder.

[4] The record reflects that at the hearing prior to the Malik's *Boykin* hearing, the district court also questioned Malik and his family whether he was knowingly and voluntarily entering his plea.

11

he was a worst offender and thus unqualified. No such showing was made nor did the State object to the modification of his sentence. Thus, we find that this assignment of error is without merit.

In his second *pro se* assignment of error, Malik contends that the district court abused its discretion when it limited his right to challenge his sentence on direct appeal. He contends that the district court erroneously held that La. Code Crim. Proc. art. 881.2 (A)(2) prevented him from challenging his illegal sentence in violation of La. Const. Art. I, Sect. 19. This ruling, he avers, impinges on his constitutional right to seek judicial review on appeal.

Louisiana Const. Art. I, Sect. 19 provides in pertinent part:

> No person shall be subjected to imprisonment or forfeiture of rights or property without the right of judicial review based upon a complete record of all evidence upon which the judgment is based. This right may be intelligently waived.

La. Code. Crim. Proc. art. 881.2 (A)(2) states:

> The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.

Malik fails to present any evidence that his initial sentence was not imposed in conformity with his 1994 plea agreement. Moreover, Malik, by knowingly entering into a plea agreement, essentially waived his right to appeal.

The Louisiana Supreme Court previously reviewed art. 881.2(A)(2) in *State v. Young*, 96-0195 (La. 10/15/96), 680 So.2d 1171, noting "no constitutional infirmity." *State v. Oliver*, 32,226, p. 1 (La. App. 2 Cir. 6/16/99), 741 So.2d 181, 182. The *Young* Court further explained that art. 881.2 (A)(2) evidences a

12

legislative intent that validly entered plea agreements entered on the record should not be subject to further judicial review. *Young*, 96-0195, p. 5, 680 So.2d at 1174.

Moreover, the First Circuit rejected the argument of a defendant, who raised a similar argument that Malik is raising here. The defendant argued La. Code Crim. Proc. art. 881.2(A)(2) is subordinate to La. Const. Art. I, Sect. 19. *State v. Sorenson*, 98-0520 (La. App. 1 Cir. 12/28/98), 725 So.2d 604, 605-06. The defendant asserted that in order for art. 881.2 to apply, the district court must obtain a "knowing, intelligent, voluntary waiver of the right to judicial review before accepting a guilty plea." *Id*. The First Circuit, in denying this assignment of error reasoned, that art. 881.2 is a procedural rule that reasonably restricts the application of La. Const. Art. I, Sect. 19:

> We disagree with defendant that the rule of article 881.2, subd. A(2) must yield to the constitutional right to judicial review. Instead, the right to judicial review is circumscribed by reasonable procedural formalities, rules, and requirements such as the rule of nonappealability provided in article 881.2, subd. A(2). *See State v. Spain*, 329 So.2d 178, 179-80 (La.1976); *State v. Marcell*, 320 So.2d 195, 198 (La.1975); *State v. Reed*, 97-606 812, p. 19 (La.App. 1st Cir.4/8/98); 712 So.2d 572, 582-83; *State v. Denomes*, 95-1201, p. 8 (La.App. 1st Cir.5/10/96); 674 So.2d 465, 470, *writ denied*, 96-1455 (La.11/8/96); 683 So.2d 266. *See also State v. LeBlanc*, 367 So.2d 335, 340 (La.1979); *State v. Morris*, 292 So.2d 215, 216 (La.1974).

*Id.,*725 So.2d at 605-06.

We also hold that the right to judicial review is circumscribed by reasonable procedural formalities created by the Louisiana legislature, including La. Code Crim. Proc. 881.2. Thus, we find this assignment of error to be without merit.

The final *pro se* assignment of error raised by Malik is that the district court erred in denying his motion to reconsider his sentence because the district court

abused its discretion in denying his motion wherein he asserted that La. Code Crim. Proc. art. 878.1, and La. Rev. Stat. 15:574.4 are unconstitutional.[5] We find this assignment of error to be duplicative of Malik's counseled assignment of errors, which we have addressed and found meritless.[6] Therefore, we also find that this assignment of error is without merit.

## DECREE

For the foregoing reasons, we affirm the district court's rulings of February 24, 2021, May 12, 2021, May 25, 2005 and June 28, 2021; and November 17, 2021.

**AFFIRMED**

---

[5] Malik quotes the district court in his brief during the November 17, 2021 hearing, which is not a part of the record.

[6] "[T]he application of La. C.Cr.P. art. 878.1 and La. R.S. 15:574.4(G) in resentencing under *Miller* to remove a parole restriction does not subject the defendant to a harsher sentence or a longer period of incarceration." *State v. Young*, 18-0564 (La. App. 1 Cir. 11/5/18), 2018 WL 5785260 (unpub). "Louisiana Revised Statute 15:574.4(G) neither criminalized any previously innocent conduct, increased any criminal penalty, nor deprived the accused of any defense." *Id.*