BROWN, C.J.
hOn September 20, 1992, Steven Potter sustained a fatal gunshot wound to the back of his head as he unloaded trash from his vehicle parked near a dumpster. Potter’s vehicle was stolen. Willie Plater, along with two other individuals, was arrested. Although Plater was indicted on a charge of first degree murder, a unanimous jury ultimately convicted him of second degree murder. Plater, who was 17 years old when the crime was committed, received the mandatory sentence of life imprisonment at hard labor to be served without the benefit of parole, probation, or suspension of sentence. Plater appealed. This Court affirmed Plater’s conviction and sentence. State v. Plater, 26,252 (La. App. 2 Cir. 09/21/94), 643 So.2d 313, writ denied, 94-2608 (La. 02/03/95), 649 So.2d 402.
In Miller v. Alabama, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), the United States Supreme Court held that the Eighth Amendment forbids a sentencing scheme that mandates life in prison without the possibility of parole for juvenile homicide offenders. The Miller court did not establish a categorical prohibition against life without parole for juvenile homicide offenders; instead, the case required the sentencing court to consider certain factors, including the offender’s youth, before deciding whether to impose life with or without parole.
In 2016, the United States Supreme Court, in Montgomery v. Louisiana, 577 U.S. -, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016), held that Miller applied retroactively. On April 29, 2016, Plater filed a motion and memorandum in support of his resentencing pursuant to La. C. Cr. P. art. 882.
laThe resentencing hearing was held on June 20, 2016. The state waived its right to present evidence that Plater is irreparably corrupt, and defense counsel did not present any evidence. The trial court vacated Plater’s original sentence and resentenced him to life imprisonment with the benefit of parole eligibility under La. R.S. 15:574.4(E).
Defense counsel filed a motion to reconsider sentence, arguing that if Plater would have had the opportunity to present evidence at the hearing, he would have been resentenced to manslaughter. Plater also filed a pro se motion to reconsider sentence.[1] The trial court denied both motions. This appeal followed.
DISCUSSION
The defense argues that because the mandatory sentence of life imprisonment without the benefit of parole for second degree murder is unconstitutional, Plater should have been resentenced to the next lesser included offense of manslaughter in effect at the time of the commission of the offense, citing State v. Craig, 340 So.2d 191 (La. 1976). The maximum sentence for a manslaughter conviction in 1992 was 21 years. In the alternative, the defense contends that the trial court should have reviewed Plater’s record and *900 used its authority to deviate downward from the mandatory minimum sentence to impose a sentence that was not constitutionally excessive.
In-response to Miller, the Louisiana legislature enacted La. C. Cr. P. art. 878.1 and La. R.S. 15:574.4(E), which became effective on August 1, 2013.
La. C. Cr. P. art. 878.1 requires a trial court to conduct a hearing prior to imposing a life without parole sentence on- a juvenile murder defendant:
A. In any case where an offender is to be sentenced to. life imprisonment for a conviction of first degree murder (R.S. 14:30) or second degree murder (R.S. 14:30.1) where the offender was under the age of eighteen' years at the time of the commission of the offense, a hearing shall be conducted prior to sentencing to determine whether the sentence shall be imposed with or without parole eligibility pursuant to the provisions of R.S. 15:574.4(E).
B. At the hearing, the prosecution and defense shall be allowed to introduce any aggravating and mitigating evidence that is relevant to the charged offense or the character of the offender, including but not limited to the facts and circumstances of the crime, the criminal history of the .offender, the offender’s level of family support, social history, and such other factors as the court may deem relevant. Sentences imposed without parole eligibility should normally be reserved for the worst offenders and the worst cases.
In the event that the trial court imposes a life sentence with parole eligibility, La. R.S. 15:574.4(E) provides the conditions, which include serving 35 years of the sentence imposed, before the defendant can apply to the parole board for parole consideration.
In Montgomery v. Louisiana, 577 at U.S. -, 136 S.Ct. at 736, the United States Supremé Court, in addressing concerns .that the retroactive application of Miller would place an undue hardship on states, stated the following:
Giving Miller retroactive effect, moreover, does not require States to reliti-gate sentences, let alone convictions, in every, case where a juvenile offender received mandatory life without parole. A State may remedy a Miller violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them. See, e.g., Wyo. Stat. Ann. § 6-10-301(c) (2013) (juvenile homicide offenders eligible for parole after 25 years). Allowing . those offenders to be considered for parole ensures that juveniles whose crimes reflected . only transient immaturity— and. who have since matured—will not be. forced to serve a disproportionate |¿sentence-in violation of the Eighth , Amendment. (Emphasis added.) .
On- remand, the - Louisiana Supreme Court in State v. Montgomery held that absent new legislation to the contrary, courts should utilize La. C. Cr. P. art. 878.1 and La. R.S. 15:574.4(E) when conducting resentencing hearings for juvenile homicide defendants sentenced prior to Miller. State v. Montgomery, 13-1163 (La. 06/28/16), 194 So.3d 606.
In State v. Fletcher, 49,303 (La.App. 2 Cir. 10/01/14), 149 So.3d 934, 942, writ denied, 14-2205 (La. 06/05/15), 171 So.3d 945, cert. denied, - U.S. -, 136 S.Ct. 254, 193 L.Ed.2d 189 (2015), this Court rejected claims that La. C. Cr. P. art. 878.1 and La. R.S. 15:574.4(E) are unconstitutional. In discussing the effects of Miller, we explained the following:
*901 We find no error in the trial court’s denial of the defense motion to declare the statutes unconstitutional, Like the trial court, we observe that the Miller court was presented with an opportunity to categorically declare that no juvenile murderer shall be imprisoned, without benefit of parole, but it specifically refused to do so. The Supreme Court plainly recognized that the circumstances of some murders and the characters of some juvenile killers would warrant the imposition of the “harshest possible penalty,” and it gave the sen-tencer latitude to respond appropriately to those situations.
See also State v. Doise, 15-713 (La.App. 3 Cir. 02/24/16), 185 So.3d 335, writ denied, 16-0546 (La. 03/13/17), 216 So.3d 808, 2017 WL 1075529.
In State v. Craig, 340 So.2d 191, 193-94 (La. 1976), the Louisiana Supreme Court held that the mandatory death sentence for aggravated rape was unconstitutional and that the appropriate remedy to correct an illegal sentence was to remand the case for resentencing of the defendant to the most serious penalty for the next lesser included offense.
However, in State v. Shaffer, 11-1756 (La. 11/23/11), 77 So.3d 939,[2] the Louisiana Supreme Court took a different approach. There, in consolidated writ applications, three defendants sought relief from their life sentences following their convictions for aggravated rape committed while juveniles after the United States Supreme Court held that the Eighth Amendment precludes sentencing a juvenile to life imprisonment without the possibility of parole for a non-homicide offense in Graham v. Florida, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010). The Louisiana Supreme .Court rejected the. defendants’ argument that they should be sentenced under the lesser included offense of attempted aggravated rape as was done in State v. Craig, supra. Instead of remanding the cases for resentencing, the supreme court amended the defendants’ life.sentences to delete the restriction on parole eligibility. See also State v. Leason, 11-1757 (La. 11/23/11), 77 So.3d 933.
Further, this Court, along with several other circuits, has rejected the claim that juvenile homicide defendants. should be sentenced under the manslaughter statute. See State v. Williams, 50,060 (La.App. 2 Cir. 09/30/15), 178 So.3d 1069, writ denied, 15-2048 (La. 11/15/16), 209 So.3d 790; State v. Williams, 15-0866 (La.App. 4 Cir. 01/20/16), 186 So.3d 242, writ denied, 16-0332 (La. 03/31/17), 217 So.3d 358, 2017 WL 1315822; State v. Jones, 15-157 (La. App. 5 Cir. 09/23/15), 176 So.3d 713; State v. Graham, 14-1769 (La.App. 1 Cir. 04/24/15), 171 So.3d 272, writ denied, 15-1028 (La. 04/08/16), 191 So.3d 583.
IfiThe holding of Miller was that sentencing schemes which require mandatory life without parole sentences for juvenile homicide defendants violate the Eight Amendment’s prohibition against cruel and unusual punishment. The Supreme Court expressly refused to invalidate sentencing schemes which allowed for a life without parole sentence for juvenile homicide defendants, recognizing that some juvenile homicide defendants, namely, those whose crime demonstrates “irreparable corruption,” may well deserve a life without parole sentence. However, the Supreme Court made clear that before imposing such a sentence, a sentencer is “require[d] ... to take into account how children are *902 different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison.” Miller, 567 U.S. at 480, 132 S.Ct. at 2469.
The legislature complied with Miller and Montgomery by enacting La. C. Cr. P. art. 878.1, which requires courts to consider the Miller factors prior to determining whether or not a juvenile homicide defendant should be eligible for parole. As implicitly approved by the Supreme Court, see Montgomery, 577 U.S. at -, 136 S.Ct. at 736, Louisiana also enacted La. R.S. 15:574.4(E), which permits a juvenile homicide defendant who has been sentenced to life with parole eligibility, an opportunity to seek parole after serving at least 35 years of his sentence, among other requirements.
As to Plater’s argument that he should have been sentenced under the manslaughter statute, such an argument has been rejected by the Louisiana Supreme Court under similar resentencing conditions, State v. Shaffer, supra, and by this Court and other circuits when affirming Miller defendants’ life with parole sentences. See State v. Williams, supra; State v. Jones, supra; State v. Graham, supra. The trial court properly utilized La. R.S. 14:30.1 and La. C. Cr. P. art. 878.1 when resen-tencing Plater, who is not entitled to be resentenced to the next lesser included offense of manslaughter.
In State ex rel. Morgan v. State, 15-0100 (La. 10/19/16), 217 So.3d 266, 2016 WL 6125428, the Louisiana Supreme Court held that La. C. Cr. P. art. 930.3 provides no basis for post-conviction claims of trial court sentencing error. Thus, we also find that the defense’s argument that Plater’s sentence of life imprisonment with parole eligibility is excessive is procedurally barred.
In a pro se brief, Plater presents several other assignments of error.
Plater first argues that the trial court’s retroactive application of La. R.S. 15:574.4(E) in resentencing him violated his right to fair notice and the prohibition against ex post facto laws.
The law in effect at the time of the commission of the offense is determinative of the penalty that the convicted accused must suffer. State v. Sugasti, 01-3407 (La. 06/21/02), 820 So.2d 518.
Art. I, § 10 of the United States Constitution and La. Const. art. I, § 23 prohibit ex post facto application of the criminal law by the state. The focus of the ex post facto inquiry is whether a new law redefines criminal conduct or increases the penalty by which the crime is punishable. State v. Williams, 00-1725 (La. 11/28/01), 800 So.2d 790; State ex rel. Olivieri v. State, 00-0172 (La. 02/21/01), 779 So.2d 735, cert. denied, 533 U.S. 936, 121 S.Ct. 2566, 150 L.Ed.2d 730 (2001).
In response to Miller, the Louisiana legislature enacted La. C. Cr. P. art. 878.1 and La. R.S. 15:574.4(E), which became effective on August 1, 2013. In State v. Montgomery, supra, the Louisiana Supreme Court held Rthat courts should utilize La. C. Cr. P. art. 878.1 and La. R.S. 15:574.4(E) when conducting resentencing hearings for juvenile homicide defendants sentenced prior to Miller, as in the instant ease. Since Plater’s original life sentence was imposed without the benefit of parole, his penalty was lessened by application of La. R.S. 15:574.4(E), which allows him to be considered for release on parole after serving 35 years of his sentence. La. R.S. 15:574,4(E) did not redefine criminal conduct or increase the penalty which Plater faced. Therefore, the trial court did not violate Plater’s right to fair notice or the prohibition against ex post facto laws when *903 it subjected Plater to the parole consideration guidelines in La. R.S. 15:574.4(E).
Moreover, to the extent Plater argues that he should have been resentenced under the manslaughter statute, this claim is without merit, as discussed above. These assignments of error are without merit.
Plater argues that his sentence is illegal because the legislature has not amended the second degree murder statute to provide for sentencing of juveniles. He claims that he did not receive an individualized sentence as required by Miller because the trial court simply granted him parole eligibility. He argues that the 35-year mandatory minimum parole consideration provision of La. R.S. 15:574.4(E) vitiates the sentencing court’s ability to craft a lesser sentence that it deems appropriate after consideration of the factors set forth in La. C. Cr. P. art. 878.1. Plater claims that because he has no right to parole under La. R.S. 15:574.4(E), and because of the onerous conditions placed on his parole eligibility, Louisiana has failed to satisfy the requirements of Miller.
As this Court noted in State v. Fletcher, supra, the legislature was not required to amend the second degree murder statute to provide for |9sentencing of juvenile homicide defendants. The legislature designed an adequate solution to Miller by creating statutes relating to parole eligibility for juvenile homicide defendants which are to be read in conjunction with the murder statutes. To the extent Plater argues that he was entitled to a hearing and the imposition of an individualized sentence, Miller did not impose such a requirement in cases where parole eligibility was permitted. In Miller, the Supreme Court explained that the Eighth Amendment does not prohibit a court from imposing a sentence of life imprisonment with the opportunity for parole for a juvenile homicide offender, nor does it require the court to consider the mitigating factors of youth before imposing such a sentence. Instead, a sentencing court’s obligation to consider youth-related mitigating factors is limited to cases in which the court imposes a sentence of life, or its equivalent, without parole. See Miller, 567 U.S. at 469-78, 132 S.Ct. at 2463-69.
CONCLUSION
For the foregoing reasons, defendant’s sentence is affirmed.
AFFIRMED.

. In his motion to reconsider sentence, Plater raised the same arguments as he does in his pro se assignments of error before this Court.

. State v. Shaffer has been superseded in part by amendments and enactments to La. R.S. 15:574.4.