GARRETT, J.
The defendant, Antonio M. Jackson, received the mandatory sentence of life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence for a second degree murder committed in 1994 when he was a juvenile. Following Miller v. Alabama , 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), and Montgomery v. Louisiana , 577 U.S. ----, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016), the defendant filed motions to correct *1095 an illegal sentence. In compliance with State v. Montgomery , 2013-1163 (La. 6/28/16), 194 So.3d 606, the trial court vacated his sentence and resentenced him to life imprisonment without the benefit of probation or suspension of sentence, but with the possibility of parole. The defendant appeals. We affirm.
FACTS
In 1994, the defendant and two accomplices committed an armed robbery, during the course of which two victims were killed.[1] At the time of the offenses, the defendant was 17 years old. He was convicted of one count of manslaughter, for which he was sentenced to 40 years at hard labor, and one count of second degree murder, for which he received the mandatory sentence of life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. The sentences were ordered to be served consecutively. This court affirmed his convictions and sentences in State v. Jackson , 29,470 (La. App. 2 Cir. 8/20/97), 707 So.2d 990.
In Miller v. Alabama , supra , the United States Supreme Court held that the Eighth Amendment forbids a sentencing scheme that mandates life in prison without the possibility of parole for juvenile homicide offenders. The Miller court did not establish a categorical prohibition against life without parole for juvenile homicide offenders; instead, the case required the sentencing court to consider certain factors, including the offender's youth, before deciding whether to impose life with or without parole.
Following the Miller decision, the defendant filed a pro se motion to correct illegal sentence in August 2012. Relying upon the principles of State v. Craig , 340 So.2d 191 (La. 1976),[2] he argued that he should be resentenced to no more than 40 years at hard labor. Counsel was appointed to assist the defendant. The motion was denied in December 2013.
In 2013, the Louisiana Legislature enacted La. C. Cr. P. art. 878.1 and La. R.S. 15:574.4(E) to address cases under Miller . The former required district courts to conduct a hearing to determine parole eligibility, while the latter provided conditions under which juvenile homicide offenders could become eligible for parole consideration. In 2016, the United States Supreme Court, in Montgomery v. Louisiana , supra , held that Miller applied retroactively to defendants whose convictions and sentences were final prior to the decision in Miller .
In May 2016, the defendant filed another pro se motion to correct illegal sentence. He again urged the Craig solution. At a hearing on June 21, 2016, the motion was denied, as was the defendant's request for appointment of counsel. However, to bring the defendant's sentence in compliance with Miller , the trial court vacated his sentence on the second degree murder conviction and imposed a sentence of life without the possibility of probation or suspension. Because it was unable to articulate *1096 adequate grounds for consecutive sentences and also to enhance the defendant's opportunity for parole eligibility in conformity with Miller , the court further ordered that this sentence be served concurrently with the defendant's sentence for manslaughter.
On remand in the Montgomery case, the Louisiana Supreme Court issued a per curiam decision on June 28, 2016, in which it directed lower courts to conduct hearings at which La. C. Cr. P. art. 878.1 and La. R.S. 15:574.4(E) were applied to determine whether to impose life imprisonment with or without parole eligibility. See State v. Montgomery , supra .
In July 2016, the defendant filed a pro se notice of appeal, as well as a motion for appointment of counsel, which was granted.
In August 2016, the defendant filed a pro se motion to reconsider sentence, in which he alleged violations of the ex post facto and due process clauses. The trial court issued a written ruling denying the motion.
On September 27, 2016, the defendant and appointed counsel appeared for a hearing on another motion to reconsider sentence. The trial court granted the motion, vacated the sentence imposed in June 2016, and set the matter for resentencing on October 26, 2016. At that subsequent hearing, following the guidelines set forth by the Louisiana Supreme Court in State v. Montgomery , supra , the trial court again imposed a life sentence without the benefit of probation or suspension of sentence, but with the possibility of parole. It also ordered the defendant's sentences to run concurrently. In November 2016, both the defendant, proceeding pro se, and defense counsel filed motions to reconsider sentence, which were denied by a written ruling in December 2016.
The instant appeal follows. Defense counsel asserts two assignments of error. In a pro se brief, the defendant sets forth four assignments of error.
MONTGOMERY HEARING
The defendant concedes that the sentence imposed upon him was within the parameters established by the Louisiana Supreme Court in State v. Montgomery , supra. However, he assails that court ruling as being improper and unconstitutional. We find no merit to these arguments.
Law
In Miller , the United States Supreme Court held that the Eighth Amendment forbids a sentencing scheme that mandates life in prison without the possibility of parole for juvenile offenders. In Montgomery , 136 S.Ct. at 734, the Court clarified "that Miller drew a line between children whose crimes reflect transient immaturity and those rare children whose crimes reflect irreparable corruption," and life without parole can only be a proportionate sentence for the latter. The Supreme Court also determined in Montgomery that Miller announced a substantive rule of constitutional law that applies retroactively. The Court addressed the issue of retroactivity as follows:
Giving Miller retroactive effect, moreover, does not require States to relitigate sentences, let alone convictions, in every case where a juvenile offender received mandatory life without parole. A State may remedy a Miller violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them. See, e.g., Wyo. Stat. Ann. § 6-10-301(c) (2013) (juvenile homicide offenders eligible for parole after 25 years). Allowing those offenders to be considered for parole ensures that juveniles whose crimes reflected only transient immaturity-and who have since matured-will not be forced to serve a disproportionate *1097 sentence in violation of the Eighth Amendment. [Emphasis added.]
Montgomery v. Louisiana , 136 S.Ct. at 736.
As previously noted, the Louisiana Legislature responded to Miller by enacting La. C. Cr. P. art. 878.1 and La. R.S. 15:574.4(E), which became effective on August 1, 2013. These provisions were designed to implement Miller 's"meaningful opportunity to obtain release" for those juveniles who commit murder but are not found to be irreparably corrupt. In State v. Tate , 12-2763 (La. 11/5/13), 130 So.3d 829, the Louisiana Supreme Court held that Miller was not subject to retroactive application, and that La. C. Cr. P. art. 878.1 and La. R.S. 15:574.4(E) applied prospectively only.[3]
In State v. Montgomery , supra , the Louisiana Supreme Court held that, absent new legislation to the contrary, courts should utilize La. C. Cr. P. art. 878.1 and La. R.S. 15:574.4(E) when conducting resentencing hearings for juvenile homicide defendants sentenced prior to Miller to determine whether they should be granted or denied parole eligibility.
La. C. Cr. P. art. 878.1 requires a trial court to conduct a hearing before imposing a life without parole sentence on a juvenile homicide offender. We note that, after this case was submitted before us, the Louisiana Legislature amended that statute. See Acts 2017, No. 277, effective August 1, 2017. It now states, in Subsection (B)(2):
If an offender was indicted prior to August 1, 2017, for the crime of first degree murder ( R.S. 14:30 ) or second degree murder ( R.S. 14:30.1 ) where the offender was under the age of eighteen years at the time of the commission of the offense and a hearing was held pursuant to this Article prior to August 1, 2017, the following shall apply:
(a) If the court determined at the hearing that was held prior to August 1, 2017, that the offender's sentence shall be imposed with parole eligibility, the offender shall be eligible for parole pursuant to R.S. 15:574.4(G).
At the time of the defendant's hearing, La. R. S. 15:574.4(E) set forth the conditions that had to be met before a juvenile homicide offender who was serving a life sentence for first or second degree murder and had been judicially determined to be entitled to parole eligibility, pursuant to La. C. Cr. P. art. 878.1, would be eligible for parole consideration. Among these conditions were the programs the defendant had to complete and the length of time the defendant was required to serve before being considered for parole. La. R.S. 15:574.4 was also amended in 2017. The amended statute reduces the time to be served from 35 years to 25 years. For juvenile homicide offenders indicted on or after August 1, 2017, Subsection E now deals with first degree murder while Subsection F addresses second degree murder. Juvenile homicide offenders who were serving life imprisonment for first or second degree murder and were indicted before August 1, 2017, such as the defendant in the instant case, are covered by Subsection G. It mirrors the provisions of the previous Subsection E, except for the reduction from 35 years to 25 years.
Discussion
The defendant argues that only the legislature has the authority to create the possible sentencing ranges available at a Miller / Montgomery resentencing. He complains that in State v. Montgomery , the *1098 Louisiana Supreme Court gave only two options-life with parole eligibility or life without parole eligibility. He contends that the sentencing options should be limited to only life without parole (for "the rare juvenile offender whose crime reflects irreparable corruption"), Craig -relief (resentencing to the most serious penalty for the next lesser included offense, manslaughter in the instant case), or Dorthey -relief (resentencing under State v. Dorthey , 623 So.2d 1276 (La. 1993), i.e., making a downward departure from a mandatory sentence which is unconstitutional as applied to a particular defendant).
As quoted above, Montgomery itself stated that permitting juvenile homicide offenders to be considered for parole, rather than relitigating their sentences, was an appropriate remedy for a Miller violation. Such a solution is provided in the Louisiana statutory provisions adopted by our legislature.
These provisions have withstood constitutional scrutiny. In State v. Fletcher , 49,303 (La. App. 2 Cir. 10/1/14), 149 So.3d 934, writ denied , 2014-2205 (La. 6/5/15), 171 So.3d 945, cert denied , --- U.S. ----, 136 S.Ct. 254, 193 L.Ed.2d 189 (2015), this court rejected a constitutional attack on La. C. Cr. P. art. 878.1 and La. R.S. 15:574.4(E). We also rebuffed the argument that the legislature should have amended the sentencing provision of the second degree murder statute to comply with Miller , finding that Miller did not preclude life without parole for juveniles. See also State v. Doise , 2015-713 (La. App. 3 Cir. 2/24/16), 185 So.3d 335, writ denied , 2016-0546 (La. 3/13/17), 216 So.3d 808.
Furthermore, the defendant's proposed Craig solution has been soundly rejected by the courts. See State v. Shaffer , 2011-1756 (La. 11/23/11), 77 So.3d 939 ; State v. Leason , 2011-1757 (La. 11/23/11), 77 So.3d 933. See also State v. Plater , 51,338 (La. App. 2 Cir. 5/17/17), 222 So.3d 897, 2017 WL 2131499 ; State v. Calhoun , 51,337 (La. App. 2 Cir. 5/17/17), 222 So.3d 903, 2017 WL 2131500 ; State v. Williams , 2015-0866 (La. App. 4 Cir. 1/20/16), 186 So.3d 242, writ denied , 2016-0332 (La. 3/31/17), 217 So.3d 358 ; State v. Graham , 2014-1769 (La. App. 1 Cir. 4/24/15), 171 So.3d 272, writ denied , 2015-1028 (La. 4/8/16), 191 So.3d 583.
The sole question to be answered in a Miller hearing is whether the defendant should have a chance for parole. State v. Calhoun , supra . Accordingly, there is no consideration of whether there should be a downward departure from the mandatory sentence of life imprisonment at hard labor. Rather, the trial court considers only whether that mandatory sentence should include parole eligibility. State v. Brown , 51,418 (La. App. 2 Cir. 6/21/17), --- So.3d ----, 2017 WL 2665128 ; State v. Shaw , supra. Access to the parole board for consideration of parole meets the requirements of Miller. State v. Kelly , 51,246 (La. App. 2 Cir. 4/5/17), 217 So.3d 576 ; Doise , supra .
Based on the foregoing, we find no merit to this assignment of error.
FAILURE TO DETERMINE TIME OF PAROLE ELIGIBILITY
The defendant also argues that the trial court erred when it sentenced him to life with parole without determining when he would become parole board eligible. He contends that, pursuant to La. R.S. 15:574(B)(1), he is not eligible for parole unless his sentence is converted to a term of years. The defendant's argument fails to recognize that La. R.S. 15:574.4(B)(1) has provided exceptions for juvenile homicide offenders since 2013. This assignment of error lacks merit.
*1099 PRO SE ASSIGNMENTS OF ERROR
In his pro se brief, the defendant raises four assignments of error. The identical assignments of error were raised and rejected by this court in State v. Plater , supra ; State v. Calhoun , supra ; and State v. Shaw , supra .[4] We likewise find no merit to any of these assignments, which are discussed below.
Fair Notice Violation
The defendant claims that the sentence of life with parole eligibility violates the Fifth Amendment protection of "fair notice" because it was different from the sentence he could have expected at the time the offense was committed in 1994, i.e., life imprisonment without parole eligibility.
The requirements to prove the offense of second degree murder have not changed since the crime was committed in 1994, and the potential sentence for committing that crime remains life imprisonment at hard labor. The only current difference is that the trial court may impose the sentence with the benefit of parole eligibility, which is a less harsh sentence, even where La. R.S. 15:574.4(E) provided for conditions for parole, because the defendant was not at all previously eligible to be considered for parole. Therefore, he was not deprived of fair warning that his conduct would constitute criminal behavior and he was not prejudiced because his potential sentence was not made more severe by the application of La. R.S. 15:574.4(E). State v. Shaw , supra .
Ex Post Facto Clause Violation
The defendant contends that applying La. R.S. 15:574.4(E) in resentencing a defendant pursuant to Miller violates the ex post facto clause.
The law in effect at the time of the crime determines the penalty to be suffered by the criminal. State v. Sugasti , 2001-3407 (La. 6/21/02), 820 So.2d 518 ; State v. Calhoun , supra . Art. I, § 10 of the United States Constitution and La. Const. art. I, § 23 prohibit ex post facto application of the criminal law by the state. The focus of the ex post facto inquiry is whether a new law redefines criminal conduct or increases the penalty by which the crime is punishable. State v. Williams , 2000-1725 (La. 11/28/01), 800 So.2d 790 ; State ex rel. Olivieri v. State , 2000-0172 (La. 2/21/01), 779 So.2d 735, cert. denied , 533 U.S. 936, 121 S.Ct. 2566, 150 L.Ed.2d 730 (2001). Application of La. R.S. 15:574.4(E) in the instant matter did neither.
Sentence at Time of Offense
The defendant complains that the newly imposed sentence violated due process because it was not prescribed by the legislature at the time of conviction. He contends that due process requires that he receive a sentence fixed by the legislature, not the parole board. However, even the defendant admits in his brief that the United States Supreme Court stated in Montgomery that Miller 's retroactivity could be implemented by parole eligibility.
Lack of Individualized Sentence
The defendant argues that he did not receive an individualized sentence as required by Miller because the trial court simply granted him parole eligibility.
To the extent that the defendant argues that he was entitled to a hearing and the imposition of an individualized sentence, Miller did not impose such a requirement in cases where parole eligibility was permitted. In Miller , the Supreme *1100 Court explained that the Eighth Amendment does not prohibit a court from imposing a sentence of life imprisonment with the opportunity for parole for a juvenile homicide offender, nor does it require the court to consider the mitigating factors of youth before imposing such a sentence. Instead, a sentencing court's obligation to consider youth-related mitigating factors is limited to cases in which the court imposes a sentence of life, or its equivalent, without parole. State v. Plater , supra ; State v. Calhoun , supra .
CONCLUSION
The defendant's convictions and sentences for second degree murder and manslaughter are affirmed.
AFFIRMED.

One of the victims was shot by either the defendant or his uncle. Both denied killing the victim. Although the defendant claimed to have been hiding at the time of the shooting, his palm prints were found near that victim's body.

In State v. Craig , supra , the Louisiana Supreme Court held that the mandatory death sentence for aggravated rape was unconstitutional and that the appropriate remedy to correct an illegal sentence was to remand the case for resentencing of the defendant to the most serious penalty for the next lesser included offense.
In the instant case, the defendant argues that the next lesser included offense for which parole is available is manslaughter and that it carries a maximum sentence of 40 years.

Tate , supra , was abrogated by Montgomery . State v. Shaw , 51,325 (La. App. 2 Cir. 5/17/17), 223 So.3d 607, 2017 WL 2152520.

In fact, comparison of the pro se briefs in these cases and the instant one reveals that, not only are all the assignments of error identical, but large portions of the supporting arguments are also virtually the same.