McCALLUM, J.
Carlton Brooks committed two counts of second degree murder when he was 17 years old. In 2002, he was indicted by a grand jury. He was subsequently convicted on two counts of second degree murder, and on June 27, 2006, was given two concurrent life sentences, without possibility of parole. His convictions and sentences were affirmed. State v. Brooks , 42,226 (La. App. 2 Cir. 8/15/2007), 962 So.2d 1220. On May 31, 2017, the trial court amended Brooks' sentences to life imprisonment with the possibility of parole, pursuant to the newly announced constitutional prohibition on mandatory sentences of life imprisonment without parole for juvenile murderers, Miller v. Alabama , 567 U.S. 460, 132 S.Ct. 2455, 183 L. Ed. 2d 407 (2012).[1]
Brooks appeals and urges four assignments of error: (1) the trial court exceeded its authority in adding parole eligibility to Brooks' sentence, which renders the sentence *1073 illegal and violates due process and Louisiana's constitutional separation of powers; (2) even with parole eligibility, Brooks' sentence still does not afford him a "meaningful opportunity for release," as required by Miller ; (3) Brooks should have been given an evidentiary hearing at which he could present evidence showing his entitlement to a downward departure from the mandatory life sentence; and (4) the trial court failed to specify when Brooks will become eligible for parole consideration. For the reasons stated, we affirm Brooks' amended sentence.
DISCUSSION
We begin by outlining the development of the law involved in this case, and we place the trial court's ruling in that chronology. At the time Brooks committed the second degree murders, La. R.S. 14:30.1 provided a mandatory sentence of life imprisonment at hard labor without parole. In 2012, Miller, supra , changed the law by holding that the Eighth Amendment prohibition of cruel and unusual punishment disallows the imposition of a mandatory life sentence-without possibility of parole-on a person who commits murder prior to reaching the age of 18 years.
In 2013, the Louisiana legislature amended La. R.S. 15:574.4 and La. C. Cr. P. art. 878.1 in order to satisfy the requirements of Miller . However, the Louisiana Supreme Court, in State v. Tate , 2012-2763 (La. 11/5/13), 130 So.3d 829, held that these provisions were prospective only, and that Miller itself is prospective only. In Montgomery v. Louisiana , 577 U.S. ----, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016), the U.S. Supreme Court overruled Tate , holding that Miller applies retroactively.
On remand in Montgomery , in 2016, the Louisiana Supreme Court held that the courts of this state are to implement Miller and Montgomery , i.e. , provide those who were under 18 at the time they committed murder with the opportunity to obtain parole eligibility via contradictory hearing. The court so held despite the absence of legislative authority for implementing Miller retroactively, stating:
Therefore, in the absence of further legislative action, the previously enacted provisions [i.e. , the 2013 amendments which were held in Tate to be prospective only], should be used for the resentencing hearings that must now be conducted on remand from the United States Supreme Court to determine whether Henry Montgomery, and other prisoners like him, will be granted or denied parole eligibility.
State v. Montgomery , 2013-1163 (La. 6/28/16), 194 So.3d 606, 608.
It was at this point in the development of the law (on May 31, 2017) that the trial court resentenced Brooks, granting him parole eligibility as provided in La. R.S. 15:574(E) (2013). However, effective August 1, 2017, the legislature added retroactive provisions to La. R.S. 15:574.4 and La. C. Cr. P. art. 878.1. These provisions allow juvenile murderers to obtain parole in accordance with the conditions and requirements set forth therein. 2017 La. Acts 2017, No. 277, § 1 & § 2.
In State v. Harper , 51,539 (La. App. 2 Cir. 8/9/17), 243 So.3d 1084, 2017 WL 3400624,[2] and State v. Jackson, 51,527 (La. App. 2 Cir. 8/9/17), 243 So.3d 1093, 2017 WL 3400648, we rejected all of the arguments the defendant makes in this case. Our approach remains unaltered.
*1074 Lack of judicial authority to grant parole eligibility
Effective August 1, 2017, the Legislature added Subsection (G) to La. R.S. 15:574.4 and expansively amended La. C. Cr. P. art. 878.1. These retroactive provisions allow juvenile murderers to obtain parole eligibility as required by Miller and Montgomery .[3] Additionally, these amendments reduced-from 35 years to 25 years-the time that a juvenile murderer must serve before becoming eligible for parole consideration. These amendments apply to the instant case, and therefore, Brooks' argument that, in granting him parole eligibility, the trial court exceeded its authority, and violated due process and the separation of powers is moot.
We note, however, that La. R.S. 15:574(G) (2017) now governs Brooks' parole eligibility. La. C. Cr. P. art. 878.1(B)(2)(a) dictates that result, as follows:
(2) If an offender was indicted prior to August 1, 2017, for the crime of ... second degree murder ( R.S. 14:30.1 ) where the offender was under the age of eighteen years at the time of the commission of the offense and a hearing was held pursuant to this Article prior to August 1, 2017, the following shall apply: (a) If the court determined at the hearing that was held prior to August 1, 2017, that the offender's sentence shall be imposed with parole eligibility, the offender shall be eligible for parole pursuant to R.S. 15:574.4(G).
Brooks further argues that, because his sentence is "illegal," he should instead be given the maximum sentence for the most serious lesser included offense, i.e. , manslaughter.[4] The premise of this argument, however, is wrong: his sentence, as amended, is not illegal.
Accordingly, these assignments of error are without merit.
Meaningful opportunity for release; evidentiary hearing
Granting parole eligibility to juveniles found guilty of murder satisfies the requirements of Miller. The U.S. Supreme Court, in Montgomery , supra, stated:
Giving Miller retroactive effect, moreover, does not require States to relitigate sentences, let alone convictions, in every case where a juvenile offender received Miller violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them. See, e.g. , Wyo. Stat. Ann. § 6-10-301(c) (2013) (juvenile homicide offenders eligible for parole after 25 years). Allowing those offenders to be considered for parole ensures that juveniles whose crimes reflected only transient immaturity-and who have since matured-will not be forced to serve a *1075 disproportionate sentence in violation of the Eighth Amendment.
Id. at 736.
Furthermore, contrary to Brooks' argument, parole eligibility under La. R.S. 15:574.4 and La. C. Cr. P. art. 878.1, specifically, does satisfy Miller 's requirement that juvenile homicide offenders be given a "meaningful opportunity for release." Harper , supra ; Jackson , supra ; State v. Calhoun , 51,337 (La. App. 2 Cir. 5/17/17), 222 So.3d 903, 907 ; State v. Shaffer , 11-1756 (La. 11/23/11), 77 So.3d 939 (access to Louisiana parole board consideration satisfies Eighth Amendment requirement of "meaningful opportunity for release").
Therefore, Miller does not entitle Brooks to an evidentiary hearing, an individualized sentence, or the possibility of a downward departure. Indeed, in Jackson , supra , we held:
The sole question to be answered in a Miller hearing is whether the defendant should have a chance for parole. Accordingly there is no consideration of whether there should be a downward departure from mandatory sentence of life imprisonment at hard labor. Rather, the trial court considers only whether that mandatory sentence should include parole eligibility.
Id. ; accord Calhoun , supra .
These assignments of error are without merit.
Time when defendant becomes parole eligible
Brooks asserts that, in granting him parole eligibility, the trial court failed to specify when he would be eligible for parole consideration. That assertion is incorrect: by specifying that Brooks' parole eligibility was governed by La. R.S. 15:574(E), the trial court incorporated the 35-year minimum which existed at that time. Additionally, La. R.S. 15:574.4(G)(1)(a) now governs retroactively, and specifies that a convict who committed second degree murder before turning 18 years of age becomes eligible for parole consideration, if at all, after serving 25 years of the sentence.
CONCLUSION
Accordingly, Brooks' sentence, as now governed by La. R.S. 15: 574(G), is AFFIRMED.

The trial court stated that it granted Brooks' parole eligibility as implemented by La. R.S. 15: 574(E) ("Subsection (E)"), which, at the time of Brooks' resentencing, required 35 years of the sentence be served before the convict could be considered for parole.

Brooks' counsel suggests no basis for distinguishing Harper or Jackson ; in fact, he does not discuss either case in his brief.

We have already recognized their retroactive application. Jackson , supra.

Even if Brooks' sentence were illegal, he would not be entitled to manslaughter sentencing. Brooks bases this argument on State v. Craig , 340 So.2d 191 (La. 1976). In Jackson , we rejected that argument:
[T]he defendant's proposed Craig solution has been soundly rejected by the courts. See State v. Shaffer , 2011-1756 (La. 11/23/11), 77 So.3d 939 ; State v. Leason , 2011-1757 (La. 11/23/11), 77 So.3d 933. See also State v. Plater , 51,338 (La. App. 2 Cir. 5/17/17), 222 So.3d 897, 2017 WL 2131499 ; State v. Calhoun , 51,337 (La. App. 2 Cir. 5/17/17), 222 So.3d 903, 2017 WL 2131500 ; State v. Williams , 2015-0866 (La. App. 4 Cir. 1/20/16), 186 So.3d 242, writ denied , 2016-0332 (La. 3/31/17), 217 So.3d 358 ; State v. Graham , 2014-1769 (La. App. 1 Cir. 4/24/15), 171 So.3d 272, writ denied , 2015-1028 (La. 4/8/16), 191 So.3d 583.
Id.