Judgment rendered January 15, 2020.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 53,251-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                    Appellee

versus

RICKY R. SHEPPARD                     Appellant

* * * * *

Appealed from the
Twenty-Sixth Judicial District Court for the
Parish of Bossier, Louisiana
Trial Court No. 61,623

Honorable Parker Self, Judge

* * * * *

LOUISIANA APPELLATE PROJECT          Counsel for Appellant
By: Peggy J. Sullivan

J. SCHUYLER MARVIN                   Counsel for Appellee
District Attorney

JOHN M. LAWRENCE
Assistant District Attorney

* * * * *

Before GARRETT, STONE, and THOMPSON, JJ.

**GARRETT, J.**

In 1985, the defendant, Ricky Sheppard, pled guilty to first degree murder for an offense he committed as a juvenile and was sentenced to life imprisonment at hard labor, without benefit of parole, probation, or suspension of sentence.[1]  Following the rendition of *Miller v. Alabama*, 567 U.S. 460, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012), he sought resentencing. Subsequently, the trial court amended his sentence to allow for parole eligibility.  The defendant appeals.  We affirm.

## FACTS

In 1984, the defendant and Johnny A. Smead were indicted for the offense of first degree murder in the death of Harold W. Moore.  Although the record before us contains few details about the offense, the following facts were asserted in the defendant's 2013 "Motion to Vacate or Correct an Illegal Sentence":  the defendant was 16 years old and Smead was 15 years old when they committed a burglary of Mr. Moore's residence in August 1984.  Mr. Moore, who was 61 years old, returned home and, during an ensuing struggle, was fatally stabbed.  The boys fled in Mr. Moore's vehicle. The knife used to kill Mr. Moore was subsequently found in the vehicle, along with items taken from his home.  In January 1985, the defendant pled guilty to first degree murder and was sentenced to life imprisonment without benefit of parole, probation, or suspension of sentence.

In 2012, the United States Supreme Court held in *Miller* that the Eighth Amendment's prohibition against cruel and unusual punishments forbids a sentencing scheme that mandates life in prison without possibility

---

[1] We note that the defendant's first name is sometimes spelled "Rickey" in the record.  However, it is spelled "Ricky" in the indictment.

of parole for juvenile homicide offenders who were under the age of 18 at the time of their crimes.

In April 2013, the defendant filed a pro se "Motion to Vacate or Correct an Illegal Sentence." He argued that, in light of the *Miller* decision, his life sentence without the possibility of parole should be reconsidered. He further asserted that he had rehabilitated himself during his incarceration and attached documentation showing his participation in and/or completion of numerous programs and classes. He requested modification of his sentence to a term of less than life imprisonment.

The trial court ordered the state to respond to the motion. In its answer, the state argued that the jurisprudence did not allow a retroactive application of *Miller* on collateral attack. It requested a stay pending a decision by the Louisiana Supreme Court in the case of *State v. Darryl Tate*, which was due to address whether *Miller* was retroactive on collateral review. The trial court granted the stay on June 25, 2013.

The defendant filed a motion for appointment of counsel. The trial court granted the motion in November 2013, and appointed the Public Defender Office.

In *Montgomery v. Louisiana*, ___ U.S. ___, 136 S. Ct. 718, 193 L. Ed. 2d 599, (2016), the United State Supreme Court held that *Miller* announced a substantive rule of constitutional law, which was to be applied retroactively in cases on collateral review. However, the Court further stated:

> Giving *Miller* retroactive effect, moreover, does not require
> States to relitigate sentences, let alone convictions, in every
> case where a juvenile offender received mandatory life without
> parole. A State may remedy a *Miller* violation by permitting
> juvenile homicide offenders to be considered for parole, rather

2

than by resentencing them. . . . Allowing those offenders to be considered for parole ensures that juveniles whose crimes reflected only transient immaturity – and who have since matured – will not be forced to serve a disproportionate sentence in violation of the Eighth Amendment.

136 S. Ct. at 736.

After the *Montgomery* case was rendered, the defendant filed a pro se "Motion for Appointment of Counsel and Funding" in April 2016 to allow his counsel to prepare for a *Miller/Montgomery* resentencing hearing.[2] He also filed a pro se "Supplemental Motion to Correct Illegal Sentence (Under *Montgomery v. Louisiana*, No. 14-280, 577 U.S. – (Jan. 25, 2016)." He requested that the trial court resentence him to either the term of years specified for "the next-most-severe lesser included offense" or, failing that, to life with immediate parole eligibility.

On July 17, 2017, the trial court signed an order which lifted the stay. It set a hearing for August 2, 2017, which was to be conducted via video. According to the court minutes, at this hearing the trial court set briefing deadlines and stated that, if the district attorney failed to respond, the case "will turn to the Parole Board." The defendant appeared via video from the Louisiana State Prison at Angola. He was represented by counsel.

The defendant's *Miller/Montgomery* hearing was held on November 29, 2017. The defendant again appeared via video and was represented by counsel. The trial court amended the defendant's sentence to life in prison with the possibility of parole.[3] Afterwards, when the trial court

---

[2] The motion was denied as moot on August 1, 2018. The order attached to the motion was marked through and the trial court wrote, "Denied[,] hearing had on 11/29/17 – sentence amended – Defendant represented by PDO – no objection raised by defendant. Motion is Moot."

[3] Although the trial court did not vacate the defendant's previous sentence, amendment of the sentence to delete the restriction on parole eligibility is appropriate.

asked him if he had anything he would like to say, the defendant inquired why his co-defendant "received 40 years to life with time served." He later said it was "[a]mended down to 40 years with time served." The defendant asked what was considered in the co-defendant's case which was not considered in his case. The trial court responded that it was unaware of the co-defendant's sentence. However, the court stated that it believed the amendment to the defendant's sentence conformed with the jurisprudence and would allow the defendant an opportunity to go before the Parole Board.

The defendant filed a motion for appeal, which was granted on August 17, 2018. The trial court also granted the defendant's request that the Louisiana Appellate Project be appointed to represent him.

## DISCUSSION

The defendant argues that this court should consider his post-sentencing statements to the trial court as an oral motion to reconsider sentence. He seeks review of his life sentence for constitutional excessiveness under *State v. Dorthey,* 623 So. 2d 1276 (La. 1993), again referencing the disparity between his life sentence and the amended sentence his co-defendant allegedly received.[4] The defendant argues that he should receive a term less than life imprisonment.[5] He contends that automatic life sentences for juvenile offenders amount to cruel and unusual punishment

*State v. Brown*, 51,418 (La. App. 2 Cir. 6/21/17), 273 So. 3d 442, *writ denied*, 17-1287 (La. 4/27/18), 241 So. 3d 306. See also *State ex rel. Morgan v. State*, 15-0100 (La. 10/19/16), 217 So. 3d 266; *State v. Leason*, 11-1757 (La. 11/23/11), 77 So. 3d 933, amending sentencing under La. R.S. 15:574.4(D), the legislative response to *Graham v. Florida*, 560 U.S. 48, 130 S. Ct. 2011, 176 L. Ed. 2d 825 (2010).

[4] The appellate record before us does not establish that the co-defendant's sentence was amended, much less that it was amended in compliance with *Miller/Montgomery*.

[5] In brief, the defendant claims that the Department of Corrections indicates that he is under the supervision of Probation and Parole.

because there can be no proper individual consideration for a juvenile's lessened culpability and greater capacity for change. He asserts that Louisiana's response to *Miller*, through the enactment of La. C. Cr. P. art. 878.1, "defies the reasoning of the Supreme Court and its statute is an effort to moot the *Miller* decision." The defendant argues that Louisiana has made only a nominal change and has instituted a "cosmetic response," by solely granting parole eligibility. It is his position that the sentencing court is required to consider those factors unique to juveniles with the most critical factor being the "potential for reform." In that vein, the defendant cites his numerous certificates showing his accomplishments and growth during his years of incarceration, many of which occurred prior to the rulings discussed herein, and without his knowledge that he could receive parole. He contends that this fact speaks to the kind of person for whom a life sentence with the possibility of parole is still an unconstitutionally excessive sentence.

The state summarily argues that, because the defendant was sentenced pursuant to La. C. Cr. P. art. 878.1 and La. R.S. 15:574.4, his sentence should be affirmed. It also addresses two arguments not made by the defendant in his brief.

A motion to reconsider sentence shall be oral at the time of sentence or shall be in writing thereafter and shall set forth the specific grounds on which the motion is based. La. C. Cr. P. art. 881.1.

For those offenders convicted of first degree murder in Louisiana, La. R.S. 14:30 provides for a sentence of death or life imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence.

As previously noted, the United States Supreme Court held in *Miller* that the Eighth Amendment forbids a sentencing scheme that mandates life

in prison without the possibility of parole for juvenile homicide offenders. In *Montgomery*, after the Court gave retroactive effect to *Miller*, it stated that "[a] State may remedy a *Miller* violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them."

In furtherance of *Miller's* mandate, the Louisiana legislature enacted La. C. Cr. P. art. 878.1, which states that a sentencing hearing for a juvenile murder offender is "to determine whether the offender's sentence should be imposed with or without parole eligibility." The legislature also amended La. R.S. 15:574.4 to include provisions establishing the conditions for such parole eligibility.

The sole question to be answered in a *Miller* hearing is whether a defendant should be eligible for parole, and the trial court considers only whether the mandatory sentence should include parole eligibility. *State v. Brooks*, 52,334 (La. App. 2 Cir. 11/14/18), 260 So. 3d 713, *writ denied*, 18-2031 (La. 4/15/19), 267 So. 3d 1121; *State v. Jackson*, 51,527 (La. App. 2 Cir. 8/9/17), 243 So. 3d 1093, *writ denied*, 17-1540 (La. 5/25/18), 243 So. 3d 565. Accordingly, there is no consideration of whether there should be a downward departure from the mandatory sentence of life imprisonment at hard labor. *State v. Brooks*, *supra; State v. Brown*, *supra*; *State v. Jackson*, *supra.*

Moreover, while it is procedurally appropriate for this court to review a defendant's illegal sentence claim under *Miller* and its progeny, this court has held that a post-conviction claim of excessive sentence is procedurally barred and outside of the scope of our *Miller* review. *State v. Brown*, *supra*; *State v. Plater*, 51,338 (La. App. 2 Cir. 5/17/17), 222 So. 3d 897, *writs*

6

*denied*, 17-1021, 17-1190 (La. 5/11/18), 241 So. 3d 1009, 1013. See also, *State ex rel. Morgan v. State*, *supra*.

While the defendant's post-sentence statements to the trial court may fairly be construed as an oral motion to reconsider the terms of his sentence, the record before this court shows that the defendant received all the substantive benefits to which he was entitled under *Miller*, La. C. Cr. P. art. 878.1, and La. R.S. 15:574.4. *Miller* does not require the relitigation of sentences or consideration of whether there should be a downward departure from the mandatory sentence of life imprisonment at hard labor. Ultimately, the defendant received the mandatory minimum sentence available to him under *Miller*. Accordingly, we find that the trial court did not err in sentencing the defendant to serve life in prison, with parole eligibility.

## CONCLUSION

The defendant's conviction and amended sentence are affirmed.

**AFFIRMED.**